### M. E. Stuart v. The State.

No. 302. Decided January 12, 1910.

**1.—Aggravated Assault—Information—Affidavit—Variance.**

Where, upon trial for aggravated assault, the affidavit charged that the defendant did then and there "strick," and the information charged "did strike," the variance was not fatal; besides, there being two counts in the information, which were both submitted, and the jury rendered a general verdict, there was no error.

**2.—Same—Charge of Court—Burden of Proof.**

Where, upon trial for aggravated assault, the burden of proof was placed upon the defendant to establish his defense, by the court's charge, and the requested charge correctly submitting the issue was refused, there was ·reversible error.

Appeal from the County Court of Burnet. Tried below before the Hon. J. G. Cook.

Appeal from a conviction of aggravated assault; .penalty, a fine of $100.

The opinion states the case.

*J. F. Taulbee,* for appellant.—On question of insufficient affidavit: Lackey v. State, 53 Texas Crim. Rep., 459, 110 S. W. Rep., 903.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was tried under an information charging him with an aggravated assault resulting in his conviction, and a fine˙of $100, from which he has appealed.

The information contains two counts, one charging an assault upon Sue Hampton with a gun, the same then and there being a deadly weapon, and the second count charging an assault upon Sue Hampton, he then and there being an adult male, and the said Sue Hampton being a female. There was a right sharp conflict in the testimony in the case, the prosecuting witness, Mrs. Sue Hampton, testifying that on the 10th day of June she seeing her two daughters and her husband in a difficulty with appellant, his wife, and his brother, close to appellant's house, and seeing appellant with a gun, she secured her pistol and rushed to the scene where they were in a difficulty; that her two daughters were chopping cotton across the road from Jess Stuart's garden, and that her husband was plowing close by, and that when she reached the scene that her daughter Kate

Hampton was on the ground, and Mrs. Jess Stuart on top of her, they were fighting, and that her husband was on the ground, and that Jess Stuart was on top of him, was striking him on the face and head with a rock, and that her daughter Pearl and appellant were standing by. Appellant had a winchester rifle in his hand, and that appellant started towards her with the winchester in his hand and told her to give up the pistol; that she refused to do so, when he struck her a violent blow with the winchester across the head, which caused pain, and produced a scar, and that she then fired her pistol at him, and tried to kill him. Appellant contended that when he struck Mrs. Hampton with the gun, that it was accidental; that when she started to shoot he threw up the gun, and tried to grab the pistol, and that Mrs. Hampton shot, and that if he struck her with the gun it was purely in self-defense, and that whatever he did in striking or assaulting her, Mrs. Hampton, was after she fired, or was in the act of firing the pistol.

1. Appellant in the court below moved to quash the complaint and information upon the ground that the affidavit charged the defendant did then and there strick the said Sue Hampton, and the information charges did strike; that this was a fatal variance, and that strick and strike do not mean the same thing. We do not think, however, that there is any merit in this contention. Conceding, however, that there might be merit in it, still there were two counts in the affidavit and information, one charging an aggravated assault by being committed upon a female by a male, and the other by striking with a deadly weapon. The verdict of the jury is general, and if one of the counts is bad, the verdict could be sustained upon the other count, hence we think that this contention of appellant is without merit.

2. The court in his charge to the jury gave the following: "If from the evidence you believe the defendant assaulted the said Mrs. Sue Hampton, but further believe that at the time of so doing the said Mrs. Sue Hampton had made an attack on him which, from the manner and character of it caused him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear, the defendant assaulted the said Mrs. Sue Hampton then you should acquit him." This charge was excepted to by appellant in his motion for new trial, and he requested the court to give special charge No. 3, which the court refused to give, to the effect that if the jury had a reasonable doubt as to whether Mrs. Hampton fired upon the defendant before he struck her, then he was entitled to such reasonable doubt, and should have been acquitted. We think that in the charge given by the court the burden of proof was put upon the appellant to establish his defense, and while we would not be disposed to disturb the findings

of the jury upon this erroneous charge standing alone, and no exception taken at the time, but in view of special charge No. 3 requested by appellant to the effect that if the jury had a reasonable doubt as to whether he struck her in self-defense or not, they would acquit, we think this charge should have been given, and the failure of the court to so charge the jury requires a reversal of the case.

3. The other points in the case are not of sufficient importance to require consideration of same, as they will not likely occur upon another trial of the case.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*