## WILLIAM CAPLES v. THE STATE.

### No. 3056. Decided May 27, 1914.

**1.—Rape—Assault to Rape—Aggravated Assault—Age of Prosecutrix.**

Where, upon trial of rape and assault to rape, the State showed that the prosecutrix was a little over sixteen years of age at the time of the alleged offense, it was error to exclude testimony by the defense that she was at least two years older, such testimony being important under the circumstances of this case.

**2.—Same—Charge of Court—Aggravated Assault—Prosecuting Witness.**

Where, upon trial of rape and assault to rape and a conviction of aggravated assault, the State introduced testimony that the prosecutrix left the State in company with two men, and the theory of the State was that this was done to get rid of her as a witness against the defendant, and defendant denied any connection with the matter, the court should have submitted a requested charge not to consider this testimony if they found that this was done without the consent or procurement or suggestion of defendant.

**3.—Same—Flight—Charge of Court.**

Where, upon trial of rape, etc., there was evidence of flight of defendant, but the defendant explained same; that he left the State temporarily to attend

school and was not aware at the time that an indictment had been returned against him, the court should have charged the jury that, if they believed defendant's evidence, the matter of his flight should not be considered at all, and the court's charge was too restrictive.

**4.—Same—Evidence—Credibility of Witness—Limiting Testimony.**

Where defendant's witnesses had been indicted for another offense with the defendant as accessories in spiriting away the prosecutrix as a witness, and testimony with reference thereto went before the jury, the same should have been properly limited in the court's charge as requested.

**5.—Same—Charge of Court—Aggravated Assault.**

Where, upon trial of rape, etc., the defendant was convicted of aggravated assault based upon evidence of the prosecutrix that she received bruises, etc., in the assault by defendant upon her, and there was testimony for the defense that she obtained these bruises and hurts after the alleged assault and that defendant had no connection therewith, this phase of the case should have been submitted as requested.

Appeal from the District Court of El Paso. Tried below before the Hon. Dan M. Jackson.

Appeal from a conviction of aggravated assault; penalty, sixty days confinement in the county jail.

The opinion states the case.

*Stanton & Weeks* and *Hudspeth, Dale & McDonald,* for appellant.— On question of insufficiency of the evidence: Dusek v. State, 89 S. W. Rep., 271; Bryant v. State, 46 Texas Crim. Rep., 126; Brown v. State, 48 id., 158; Railsback v. State, 110 S. W. Rep., 916.

On question of age of prosecutrix: Baker v. State, 26 S. W. Rep., 400; Roquemore v. State, 129 S. W. Rep., 1121; Faulkner v. State, 43 Texas Crim. Rep., 311; O'Neal v. State, 57 Texas Crim. Rep., 249.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Under an indictment charging, in the first count rape, and in the second count assault to rape, appellant was convicted of aggravated assault.

The record is very voluminous, containing a great many facts detailed at great length both for the State and the appellant. There are numerous bills of exception raising many questions. The prosecutrix, Ellen Godsey, testified to a condition of things surrounding her life, that, to say the least of it, reflected seriously upon her good name. It would serve no useful purpose to commit this testimony to the jurisprudence of our country. It is unnecessary to take up these bills seriatim, therefore the case will be treated more from a general than a special standpoint. Among other things the State elicited from her that she was little over sixteen years of age at the time of the occurrence involved in this prosecution. She testified that her birthday was in April, 1897. The depositions of her father and mother, who lived at Los Angeles, California, were taken by the defendant, among other things, showing her age to be eighteen instead of sixteen; in other words, that she was

born in April, 1895. Upon motion of the State this testimony was not permitted to go before the jury. This was error. The State having introduced the age as being little over sixteen years, the defendant had a right to combat this evidence by showing that she was two years older than she herself testified. It is a universal rule that wherever one side puts in evidence thought necessary or having a bearing upon the case favorable to the party introducing it, the other side has the right to meet such testimony and disprove it in order to get away from any injurious effects that might be produced upon the minds of the jury by the introduction of the original testimony. It may have been that this was critical testimony and doubtless was important. Appellant was a young man about grown, and the jury would doubtless look more unfavorably upon his side of the case if the prosecutrix was only sixteen years of age than they would if she was a more mature woman. The prosecutrix came from California to El Paso in connection with a theatrical company and was well versed in the ways of the world, even for a chorus girl as she testified she was. The evidence shows, among other things, in this connection, that she drank heavily, exhibited her person in many unbecoming and lascivious ways. A woman in this line of life would likely be regarded by the jury as less experienced at sixteen than she would with the added experience of two years, and where the depravity shown as in this case it would be more intensified at the age of eighteen than at sixteen.

The theory of the State was that appellant made a violent assault upon the prosecutrix and thereby accomplished the purpose of rape, and her testimony goes to the extent of showing that while he did not fully accomplish his purpose so far as she knew, but that he did in fact penetrate her person. This was denied by appellant. His testimony was to the effect that he and prosecutrix and some other girls who belonged to the "show company" and a gentleman friend of his had been on a general carouse that night drinking in El Paso, then crossing the river and going to Juarez and drinking a great deal there; and after they returned from Juarez to El Paso he and prosecutrix took a ride down the El Paso valley, and after reaching a certain point stopped and drank ten bottles of beer, five each; that while this was going on they were sitting on the fender of the automobile, and that prosecutrix was very drunk, and he not in a much better condition, if any, and she placed her arm around his neck and thus drank the beer; that he fondled her person with full liberty and consent, and after ascertaining the fact that her menstrual period was on her he desisted. She testified that when he made the proposition to her she declined, and that this resulted in a struggle in which he struck her. Upon their return that night to town she left him and went to her room. He says at that time she had no bruises about her person or face. There is testimony also of one of the roomers at the hotel that he heard a woman whoop; that he got up, looked out to see what was the matter; that she was drunk and fell, and also after getting

up she undertook to get into one of the rooms and struck her head against the door. This evidence was introduced to account for the bruises about the face. It is further in evidence that in driving down the valley prosecutrix wanted to handle the car, which was resisted by appellant on account of her drunken condition; that she finally got hold of the steering wheel, that she was handling it indiscreetly, that he was afraid the car would be ditched or turned over and he pushed her away. The court submitted the theory of pushing the girl away under the circumstances as not being sufficient to justify a conviction for aggravated assault. He also instructed the jury, in substance, if he did not perform the acts testified by prosecutrix it would not be rape. Among other things, in this connection, it is shown that the prosecutrix left the State and went to Deming, New Mexico, in company with two men. The State's theory was that this was done to get rid of her as a witness in the case against appellant. Quite a lot of evidence was introduced showing the fact that she went to Deming, New Mexico, and was there arrested by the officers and returned to El Paso. The court did not charge the jury with reference to this matter. Appellant asked a special charge to withdraw it from the consideration of the jury if they should find it was done without the consent, procurement or suggestion of appellant. The court refused to withdraw it from the consideration of the jury, or to instruct the jury not to consider it unless they should find that appellant was instrumental in having her carried out of the State. We are of the opinion that as presented by the record it is more than doubtful if testimony was admissible, but if upon another trial the facts should be sufficient to show that probably it was done at his suggestion, then the charge should be submitted to the jury that if he did not induce her to leave the State and it was not done by his connivance or instigation, then it should not be considered against him. He denies any connection with the matter. In the introduction of his testimony with reference to the flight of the girl from the State, it would not be evidence against the defendant unless the State could in some way show he was instrumental in or connived at her flight or instigated her being carried out of the State. This character of testimony was evidently damaging, and as it was most strenuously denied he had anything to do with it, and in fact was absent from the State when the matter occurred, the court should either have excluded the testimony altogether, or if he thought there was enough evidence to probably show he was connected with it, then he should have instructed the jury that before they could consider it against him they must find that he procured her flight or in some way instigated it. The special charges asked by appellant along this line were improperly and incorrectly refused.

The defendant left the State and went to Las Cruces, New Mexico, with a view of going from there to St. Louis or some point to attend school, and this was done at the request of his mother, perhaps at her command. It is also in evidence that appellant was not aware at the time he left Texas and when in New Mexico that an indictment had

been returned against him, or there was any process against him. The court charged the jury in this wise in this connection: "You are instructed that if you should find and believe from the evidence that the defendant left his home in El Paso, Texas, and went away out of the jurisdiction of this court at the suggestion of his mother, and in compliance with her request, for the purpose of going to school, and not for the purpose of avoiding process of this court, and his arrest, then such evidence can not be considered by you as any evidence tending to show his guilt." The appellant asked this instruction: "You are instructed that if you should find and believe from the evidence in this case that the defendant, just shortly after the alleged offense, left his home in El Paso, Texas, and went away, but that at the time he left that he did not know that the grand jury had returned an indictment against him and that a warrant had been issued for his arrest, but had reason to believe and did believe that no such indictment had been returned and that he went away at the suggestion of his mother and in compliance with her request, for the purpose of going to school and not for the purpose of avoiding process of the court and his arrest, then such evidence can not be and will not be considered by you as any evidence tending to show his guilt." The court in a way submitted this question, but not as fully as it should have been, and the charge upon another trial should go further and tell the jury that it should not only not be considered as evidence of his guilt but should not be considered against him at all.

There was evidence introduced before the jury that Dave Marshall and Harry Davis had been arrested as accessories to appellant in taking the girl out of Texas into New Mexico. It seems they had an examining trial, and were held for the action of the grand jury. The grand jury failed to indict and they were discharged. All this evidence went before the jury for the purpose of impairing their credit as witnesses. They were important witnesses, especially Davis. The court did not limit the effect of this testimony to the credibility of the witnesses, and in fact gave no charge in reference to the matter. Appellant requested a special instruction, which was refused by the court. This charge is as follows: "You are further instructed that the evidence before you in reference to the prosecution of the witnesses, Dave Marshall and Harry Davis, was introduced before you, and only to be considered by you, for the purpose of affecting their credibility as witnesses, and for no other purpose, and the court therefore charges you that you will not consider the said evidence for any other purpose in said cause." This was refused, and erroneously so.

The court submitted generally the .issue of aggravated assault, but did not instruct the jury with reference to the contention of appellant that he did not strike or bruise the prosecutrix as testified by her, but that she obtained her bruises and hurts in a .hotel after they returned from their ride. To meet this phase of the case appellant asked a special instruction, as follows: "You are further instructed that if you find

from the evidence that the face of the said Ellen Godsey, or any portion thereof, was bruised, or in some manner injured, and that such bruises and injuries, if any, were caused by the said Ellen Godsey falling upon the steps of the Hollenbeck hotel, if you believe that she did so fall, or if you find from the evidence that the said injuries, if any, were caused by the said Ellen Godsey running against the door-facing at room No. 5, in the said Hollenbeck hotel, if you believe that she did run against the door-facing of said room, or if you find from the evidence that the said Ellen Godsey received such injuries, if any, in any other manner than by an assault and battery or some character of force used by the defendant, William Caples, then and in that event, the court charges you that you can not consider the said injuries, if any, in determining whether the said defendant is guilty of any offense submitted to you in the general charge of the court." This was refused. This charge should have been given. There was evidence introduced covering these identical matters, and the jury should have been instructed that if she received these injuries on the face, which she says was caused by appellant striking her, from the fall in the hotel, or from running against the door as shown by some of the testimony, then appellant would not be guilty of an assault from that viewpoint. It may be stated in a general way, in this connection, that it would seem from this record that the evidence upon which this conviction was had was the bruises on prosecutrix's face. The jury discredited her testimony to the effect that appellant had carnal intercourse with her or penetrated her person, for they acquitted him of rape and assault to rape, and only found him guilty of aggravated assault. The bruises on the face of the prosecutrix was the most important and critical testimony introduced to show assault and battery. If he placed the bruises upon her face, it was very damaging testimony against appellant. If she did not have those bruises upon her face at the time she separated from him and went into the hotel, and she received them from a fall or by running against a door, appellant would not be responsible, for he was not present but had driven away in his car. This charge was directed to one of the most critical issues in the case and should have been given, and in failing to do so the court committed material error.

There are other questions in the case of more or less moment, but we deem it unnecessary to discuss them inasmuch as what we have said will determine how the case should be tried, if it should be tried again. The issues of rape and assault to rape pass out of the case by the verdict of the jury. Upon another trial the State now can only rely upon the fact of an assault upon the girl, if it in fact occurred, and the testimony and issues will be directed to that issue alone.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*