## BOB WADE v. THE STATE.

### No. 3362. Decided December 23, 1914.

**1.—Assault to Murder—Continuance—Subpoena—Diligence.**

Where it appeared from the record that when defendant asked for process for the witness it was refused on the ground that the State had already summoned the witness, defendant's diligence was sufficient, and where the witness disobeyed the subpoena because of his inability on account of sickness to attend court, and his evidence was material, the application for a continuance should have been granted or a new trial awarded.

**2.—Same—Evidence—Threats.**

Where, upon trial of assault to murder, the alleged threat of the defendant, which was admitted in evidence, did not individuate the party injured, the same was error.

Appeal from the District Court of Cherokee. Tried below before the Hon. Lee D. Guinn.

Appeal from a conviction of aggravated assault; penalty, a fine of $50 and sixty days confinement in the county jail.

The opinion states the case.

*Norman, Shook & Gibson,* for appellant.—On question of continuance: 2 Enc. Digest Crim. Law, p. 74.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Under a charge of assault to murder appellant was convicted of an aggravated assault.

When the case was called for trial he moved for a continuance on account of the absence of the witness G. T. Tarrant, who was shown to be in Laredo sick and unable to attend court. It is further shown that when appellant asked for process it was refused on the ground that the State had already summoned him. Of course, under this state

of facts appellant would rely upon the diligence of the State to have the witness present, and whatever diligence was used for the State would be ample for the appellant. The witness disobeyed the subpoena because of his inability to be present at court. He was temporarily at Laredo; had gone on business to Mexico, and en route home was taken sick, otherwise he would have been in attendance upon court. He is shown to have been an eyewitness to the alleged assault and assisted in taking the gun from appellant at the time. The State relied upon the theory that defendant undertook to shoot Ferguson, the alleged assaulted party, and was prevented by taking the gun from him. Among other things the State claimed that he pointed the gun at Ferguson, it was loaded, and he was thus prevented from shooting. Tarrant's testimony would have been in direct conflict with the State's case on the material facts. He would have testified, if present, that appellant did not point the gun at Ferguson, nor was it cocked at the time. This was very material testimony. This was the first application, and the doctrine of cumulative evidence does not apply. He was entitled to the continuance, and it was error to refuse it. These matters were all brought out in the motion for new trial. Having refused the continuance, a new trial should have been awarded.

There is another question to which we call attention: The State was permitted, over objection, to prove that appellant stated he was going to kill "a red-headed, freckled-face son-of-a-bitch." Appellant objected to this because it did not individuate or point out Ferguson as coming within the designated class, and as it did not individuate but was a general threat, it should not have been introduced. We are of the opinion that under the authorities the proposition as presented is well taken. If the State could show that this threat was intended as against Ferguson, it would be admissible, but until this has been done such general threat is not admissible. A great number of cases could be cited but it is unnecessary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*