VERNER CASTLE v. THE STATE.

No. 5296.   Decided February 19, 1919.

**1.—Assault to Murder—Burden of Proof—Charge of Court—Self-defense.**

Where, upon trial of assault with intent to murder, the evidence raised the issue of self-defense, the court in his charge on self-defense should have instructed the jury that the burden of proof was upon the State to establish the facts constituting an unlawful assault beyond a reasonable doubt, and the court's charge was obnoxious in this respect, and reversible error. Following Stuart v. State, 57 Texas Crim. Rep., 592, and other cases.

**2.—Same—Actual Danger—Intent to Kill—Deadly Weapon—Charge of Court.**

Where, upon trial of assault with intent to murder, the evidence raised the issue of actual danger, the court should have charged on the presumption of the intent to kill from the use of a deadly weapon by the injured party. Following Hudson v. State, 59 Texas Crim. Rep., 650, and other cases.

Appeal from the District Court of Hale.   Tried below before the Hon. R. C. Joiner.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Kirk,* for appellant.—On question of court's charge: Harris v. State, 117 S. W. Rep., 839; Knox v. State, 74 Texas Crim. Rep., 126, 167 S. W. Rep., 730, and cases stated in the opinion.

On question of intent of deceased to kill: Williams v. State, 144 S. W. Rep., 620, and cases cited in the opinion.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appeal is from a conviction for assault with intent to murder.

Appellant cut the injured party with a pocketknife, causing some serious injuries.   There was proof of previous difficulties and threats by the injured party against appellant.   Appellant's version of the difficulty was to the effect that he came upon the injured party unexpectedly on walking into the postoffice.   He claimed that as soon as he and Echols, the injured party, recognized each other that Echols made a quick grab for his hip pocket and that he, appellant, made a rush upon him to keep from being killed; that he acted as quick as he could because he saw he had no chance to retreat; that he had been whittling and had his knife in his hand and clinched Echols with the idea of cutting him in the arm and cutting him loose from his six-shooter.   The evidence showed that the parties were down on the floor and that when they were separated, or about the time they were separated, the injured party had a pistol in his hand.   As appellant described it, during the fight he could not describe all of the incidents

owing to his fright, rage and excitement, but that at the time he was getting away or trying to get away ,he was facing a forty-five pistol in the hands of his assailant.

The court submitted. the law of self-defense upon apparent danger, using the following language: "If, from the evidence, you believe the defendant assaulted the said R. E. Echols, but further believe that at the time of so doing the said Echols had made an attempt to shoot the defendant, or had made such a demonstration which caused him, defendant, to have a reasonable expectation or fear of death or serious bodily injury, and that acting ·under such reasonable expectation or fear the defendant, did with a knife, cut the said R. E. Echols, then you should acquit him."

Appellant complained of this charge in a timely manner upon the ground that it shifted the burden of proof and failed to give him the benefit of the reasonable doubt, and requested a charge ˙which would have corrected the error, and also have submitted the theory of actual danger. This was also refused. We think the court should have corrected his charge on self-defense so that it would have been made plain to the jury that the burden of proof was upon the State to establish the facts constituting an unlawful assault by the appellant and advising them that the law required as a predicate for conviction proof of such unlawful assault beyond a reasonable doubt. A charge similar to that given was considered by the court in Stuart v. State, ·57 Texas Crim. Rep., 592. See also Knox v. State, 74 Texas Crim. Rep., 126, 167 S. W. Rep., 730.

· The facts also raised, we think, an issue of actual danger and required a charge on the presumption of the intent to kill from the use of a deadly weapon by the injured party. See Ward v. State, 30 Texas Crim. App., 689; Keel v. State, 69 S. W. Rep., 532; Hudson v. State, 59 Texas Crim. Rep., 650; Branch's Ann. P. C., sec. 1918; Vernon's Sayles' P. C., art. 1106.

For the errors pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*