## J. C. Carter v. The State.

### No. 8062.   Decided April 30, 1924.

Rehearing denied June 4, 1924.

**1.—Manslaughter—Charge of Court—Presumption.**

Where, upon trial of murder and a conviction of manslaughter, the evidence showed that deceased was attacking defendant with a knife, the blade of which was three or four inches in length, and in defense of which attack the defendant struck the blows which caused the death of deceased, the court should have instructed the jury under article 1106 Penal Code, as to the presumption of deceased designing to inflict injury.  Following: Gunn v. State, 95 Texas Crim. Repp., 276.

**2.—Same—Manslaughter—Charge of Court.**

Where no reference is made in the court's charge on manslaughter to other parts of the charge, and is not safeguarded by anything calling the attention of the jury to the fact that a conviction could not be had if the killing was in self-defense, the same is reversible error.  Following: Meador v. State, 253 S. W. Rep., 299.

**3.—Same—Charge of Court—Doctrine of Retreat.**

Where appellant sought application of the doctrine of retreat by an exception to the charge of the court for failure to tell the jury that if he was attacked by deceased, he had the right to strike and continue to strike as long as it appeared to him that his life or person was in danger of injury at the hands of the deceased, the same should have been granted, under the facts of the instant case.

**4.—Same—Rehearing—Charge of Court—Evidence—Experimental observation.**

Testimony to show the experimental observation which was made under substantially similar conditions should have been admitted in evidence.

**5.—Same—Evidence—Improper Treatment.**

The issue of improper treatment of the deceased was not supported by very strong testimony, and where the court gave to the appellant all that he was justified in giving under the facts, there is no reversible error.

Appeal from the District Court of Hardeman.   Tried below before the Honorable James V. Leak.

Appeal from a conviction of manslaughter;   penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Fires & Williams,* for appellant.   Cited: Meador v. State, 253 S. W. Rep., 299.

On question of charge on manslaughter: Yeager v. State, 256 S. W. Rep., 914; Swain v. State, 86 id., 338; Foster v. State, 148 id., 584; Waters v. State, 193 id., 784.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hardeman County of manslaughter, and his punishment fixed at two years in the penitentiary.

As this case must be reversed for errors in the charge, we will not discuss the facts further than may be necessary to set forth our conclusions. By the testimony of several witnesses appellant supported his claim that deceased was attacking him with a knife whose blade was three or four inches in length, in defense against which attack he struck the blows which caused death. The truth of such testimony was for the jury under instructions from the court. Article 1106 of our Penal Code provides that when a homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting such offense be such as would have been calculated to produce that result, it is to be presumed that the person so using same designed to inflict the injury. We have held in many cases that if the facts show an attack with such weapon, the trial court should give in charge the substance at least of said article. See Branch's Annotated P. C., p. 1068, for collated authorities; Gunn v. State, 257 S. W. Rep., 172. There was a proper exception to the failure of the charge herein to conform to this rule which served to raise the question. We doubt the propriety of the form of the special charges tendered upon this issue.

Complaint is also directed at the paragraph of the charge which applies the law of manslaughter to the facts. No reference is made in said paragraph to other parts of the charge, nor is same safeguarded by anything calling the attention of the jury to the fact that under the instruction given in said paragraph a conviction could not be had if the killing, though taking place as otherwise defined therein, was in self-defense. Attention is called to this in Meador v. State, 94 Texas Crim. Rep., 608, 253 S. W. Rep., 299. While this might not be held reversible error if the remainder of the charge supplied the omission, in our judgment said paragraph should be so qualified.

Appellant sought application of the doctrine of retreat by an exception to the charge for failure to tell the jury that if he was attacked by deceased, he had the right to strike and continue to strike as long as it appeared to him that his life or person was in danger of injury at the hands of deceased. Under the facts of this case such charge would seem peculiarly applicable inasmuch as the parties fought over quite a distance in a road, and it was claimed by witnesses that deceased was attacking appellant practically all the time. This claim might or might not be believed by the jury, but the court was not absolved from his duty to submit the law applicable to the facts.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING

June 4, 1924.

LATTIMORE, JUDGE.—Appellant files a motion requesting a finding on bill of exceptions No. 2 and upon his exception to a certain part of the court's charge. We do not think the court committed any error in the admission of the testimony of witness Crane in regard to what could be seen of the scene of the difficulty from the lot of witness Moon. We think the testimony to show the experimental observation to have been made under substantially similar conditions. We have been unable to agree with appellant's complaint of the submission of the issue of improper treatment. Our view is that the matter was liberally submitted from the standpoint of the facts in evidence. Under the facts of this case it is our opinion the issue of improper treatment was not supported by very strong testimony, and the court gave to the appellant all that he was justified in giving under the facts.

The motion for rehearing will be overruled.

*Overruled.*