H. A. DUNCAN, GEORGE CRYER AND WILL CRYER V. THE STATE.

No. 9717.  Delivered January 6, 1926.

Rehearing denied June 23, 1926.

1.—Manufacturing Intoxicating Liquor—Evidence—Held Sufficient.

There are no bills of exception in this record. The evidence discloses that officers slipped up near a still at night in full operation and there discovered appellants moving around same, and after their arrival discovered nearby another still and about thirty-five gallons of whiskey and several barrels of mash. This evidence, in our judgment, fully warranted the verdict of guilty returned by the jury.

ON REHEARING.

2.—Same—Evidence Sufficient.

On rehearing we have again examined the record as to the sufficiency of the evidence to sustain the judgment, and find nothing that would warrant us in changing our views as expressed in our original opinion, and the motion for rehearing is therefore overruled.

Appeal from the District Court of Angelina County. Tried below before the Hon. C. A. Hodges, District Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year each in the penitentiary.

The opinion states the case.

*Collins & Collins* of Lufkin, for appellants.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellants were convicted in the District Court of Angelina County of the offense of unlawfully manufacturing intoxicating liquor, and their punishment was assessed at one year each in the penitentiary.

The record discloses that Sheriff Watts and about four others arrested the appellants on the night of the 13th of January, 1923, around a large still which was in operation at the time, and another still was found at the same place that was not in operation, but was warm, and there was found at said place about thirty-five gallons of whiskey and several barrels of mash. The witnesses for the state testified to having slipped up near said still and there discovered several persons moving around same, and when they rushed up to said still, one or more persons escaped, and the appellants were there arrested.

It was the contention of the appellants that they had nothing to do with the still, but had been out hog hunting and had just gone to said still prior to their arrest and had become somewhat intoxicated from the effects of the whiskey which they had drunk.

There are no bills of exceptions in the record and the court properly charged the law on all phases of the case raised by the testimony, and without any objections being raised thereto by appellant's counsel. The only question left for this court to consider is the sufficiency of the testimony to sustain the conviction. After a careful examination of the record we are forced to the conclusion that the verdict of the jury was fully justified under the testimony, and that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Having previously located a distillery, the officers raided it at midnight and found the appellants present. There were two large stills, thirty-five gallons of whiskey and several barrels of mash. One still was in operation and the other was hot. One man ran away, but the appellants were arrested. According to the state's witnesses, the appellants explained their presence at the time by stating that they had come to get something to drink.

Appellants introduced testimony presenting the theory that they were in the woods where the still was found hunting hogs. One of them, George Cryer, testified that he learned from Duncan the location of the still, and, according to Cryer's testimony, when he and his companions went to the still, a party

by the name of Thornton ran away from it.   The still was in operation.   There were a number of gallons of whiskey and other articles at the still.   The appellants arrived at the still at about 8 o'clock in the evening.   They had taken several drinks when Thornton returned.   They remained at the still until the sheriff arrived late at night.   The witness, George Cryer, claimed that neither he nor his companions had anything to do with the operation of the still; that they all became intoxicated; that at the time of the arrest they explained that they had no connection with the still.

The issues of fact were submitted to the jury in a charge of which no complaint is made.   The court submitted the case on the law of circumstantial evidence and charged on the law of principal offenders in connection with Thornton and also instructed that the mere presence of the accused would not warrant their conviction.

A detailed recital of the evidence is deemed unnecessary. Suffice it to say that our re-examination of it convinces us that it is quite sufficient to support the verdict.

The motion is overruled.

*Overruled.*