### D. A. MILAM V. THE STATE.

No. 11214.   Delivered February 15, 1928.

**1.—Murder—Charge of Court—On Self-Defense—Erroneous.**

Where, on a trial for murder which resulted in a conviction for an aggravated assault, the charge of the court on self-defense which in effect inhibited an acquittal if the jury believed the deceased did not intend to kill appellant, was erroneous, in that it failed to limit the jury to the reasonable appearance to appellant at the time of such assault, and not as it may have appeared to the jury on the trial.

**2.—Same—Continued.**

A charge on self-defense is erroneous if it authorizes the jury to determine the issue from their viewpoint rather than from that of the defendant.   See Jordan v. State, 11 Tex. Crim. App., and other cases cited.

**3.—Same—Continued.**

The charge further hinged an acquittal upon an actual intent to kill in the mind of the deceased.   Appellant could not be bound by some hidden intention in deceased's mind which he did not know;  and such charge is further objectionable in that it shifts the burden to appellant to prove his innocence.   See Bode v. State, 6 Tex. Crim. App. 424;  Branch's P. C., Sec. 1930;  Shamburger v. State, 24 Tex. Crim. App. 433, and Branch's P. C., p. 5.

**4.—Same—Charge of Court—Self-Defense—Rule Stated.**

If the attack upon him relied upon by appellant is clearly with the intent to kill, it is error to charge on an attack of a milder character, but if the attack defended against is less than one to kill and clearly comes within the meaning of "any other unlawful and violent attack" than with intent to kill, then the law governing the graver attack should be altogether disregarded as inapplicable;  but when it appears necessary to the judge to submit the issue of both character of attacks, great caution must be exercised in framing the instructions.   See Kendall v. State, 8 Tex. Crim. App. 579, and other cases cited.

Appeal from the District Court of Menard County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for an aggravated assault, penalty a fine of $150 and sixty days in the county jail.

The opinion states the case.

*Wright & Gibbs* and *Frank Hartgroves* of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was indicted for the murder of Thad Crawford and was convicted of aggravated assault, his punishment being assessed at a fine of $150 and sixty days' confinement in the county jail.

Appellant was a cement contractor and deceased was working for him on the Callan Ranch. All the parties were drinking. Appellant was a man about sixty-five years old, afflicted with heart trouble, and deceased was a young man, twenty-eight or thirty years old, and was a strong man, weighing about 160 pounds. The testimony of all the eye-witnesses indicated that deceased in a drunken condition first tried to push appellant in the fire, after which he was about to attack him with a rock when appellant hit him over the head with a shovel. He died about twenty-four hours later of concussion of the brain.

The court charged on murder, manslaughter and aggravated assault, and attempted to charge two phases of self-defense, one as applied to an attack by deceased producing a reasonable expectation or fear of death or serious bodily injury, and the other an attack less than to kill or do serious bodily injury. In attempting to present the latter issue, he charged as follows:

"And, in this case, if you believe that Thad Crawford was making, or was about to make, an unlawful attack upon the defendant, but that there was no intent on the part of such party to kill the defendant, or to inflict upon him serious bodily injury, and that it did not reasonably appear to the defendant, viewed from his standpoint at the time, that such attacking party did intend to inflict death or serious bodily injury upon him, and that the defendant did resort to all other reasonable and accessible means to prevent such injury without avail, then the defendant would have the right to act in his own necessary self-defense, even to the extent of taking life; and, if you find the facts so to be, you should acquit the defendant. Under such conditions, the law does not require the defendant to retreat."

This paragraph was erroneous in the following particulars: In effect it inhibited an acquittal if the jury believed the deceased did not intend to kill. If submitted at all, it should have been as it reasonably appeared to appellant, not the jury.

A self-defense charge is erroneous if it authorizes the jury to determine the issue from their viewpoint rather than from that of the defendant. Jordan v. State, 11 Tex. Crim. App. 447; Arthur v. State, 46 Tex. Crim. Rep. 479; Branch's P. C., Sec. 1928.

The charge further hinged an acquittal upon an actual intent to kill in the mind of the deceased. Appellant could not be bound by some hidden intention in deceased's mind which he did not know. Bode v. State, 6 Tex. Crim. App. 424. Branch's P. C., Sec. 1930.

Again this charge shifts the burden to appellant to prove his innocence. Shamburger v. State, 24 Tex. Crim. App. 433; Branch's P. C., p. 5, at bottom.

It likewise fails to give appellant the benefit of the law of reasonable doubt.

As written the paragraph can be made to apply as well to self-defense in a homicide case as in an aggravated assault case. The jury were left to appropriate this charge in determining the issue of self-defense as against both murder and manslaughter. Plainly such a charge could never apply to a case where justifiable homicide was an issue and the two characters of self-defense charges should have been separated with a proper explanation of the applicability of each.

Quoting from Kendall v. State, 8 Tex. Crim. App. 579:

"The law makes different provisions for the exercise of the right of self-defense or the protection of another, according to the gravity, actual or apparent, of the attack; and the character of the attack must usually be determined by the judge in the first instance, before he delivers his charge to the jury. If the attack of the person slain was manifestly with intent to murder or maim—that is, made with weapons or other means calculated to produce either of those results—then there is no occasion to instruct a jury as to the law which obtains in case the attack was of a milder character, because such law is not applicable to the case, and can subserve no purpose other than to confuse the jury. On the other hand, if the attack clearly comes within the meaning of 'any other unlawful and violent attack' than with intent to murder, or maim, or seriously injure, then the law governing the graver attacks should be

altogether discarded as inapplicable. It can seldom happen in any case that such a determination by the judge can be attended with serious embarrassment, because it is only required to contemplate the weapons or means used by the assailant in the first instance, and if they are such as would have been calculated to produce death, or mayhem, then the law fixes the character of the assault. Penal Code, Art. 571. But if, upon the trial of any case, the peculiar state of the evidence renders it necessary, in the opinion of the judge, to submit to the jury the law governing the right of resistance to either character of attack, then great caution must be exercised in framing instructions, and the jury must be impressed with the distinctions which obtain in each case, in order that they may not apply to the one the law applicable to the other."

The testimony, some of which is indicated above, raises a serious question as to whether there existed such an issue as was attempted to be charged. If such issue is not raised, the charge quoted above is always erroneous. Fleming v. State, 101 Tex. Crim. Rep. 19; Branch's P. C., p. 1071.

Some of these errors, of course, pass out of the case due to the conviction of aggravated assault.

Appellant's special charge No. 4 is a more correct presentation of this particular phase of self-defense. See Forest v. State, 300 S. W. 51, and authorities there cited.

Other errors presented are not such as will likely occur on another trial and are not discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.