FOREST GAITHER v. THE STATE.

No. 11244.   Delivered February 29, 1928.

1.—Murder—Charge of Court—On Weapon Used—Improperly Omitted.

Where, on a trial for murder, the defense relied upon by appellant being that deceased had a shotgun raised, in the act of shooting, when he shot and killed him, the court should have charged Art. 1223 of the Penal Code. It is an absolute presumption, imperative to juries as well as courts, that deceased "designed" to inflict the injury mentioned in said article, and same must be given in charge to the jury. See Kendall v. State, 8 Tex. Crim. App. 569, and other cases cited.

2.—Same—Charge of Court—On Self-Defense—Erroneous.

Where the testimony raises the issue of self-defense, based upon apparent danger, it is error to fail to charge the jury to view the case as it "reasonably appeared to the appellant at the time." See Singleton v.

State, 86 Tex. Crim. Rep. 401; Williams v. State, 61 Tex. Crim. Rep. 361, and Carlile v. State, 90 Tex. Crim. Rep. 1. Also Branch's P. C., Secs. 1926 and 1074.

**3.—Same—Charge of Court—How Considered—Practice on Appeal.**

As this court has many times stated, the charge of the trial court, on appeal, will be considered as a whole. Isolated paragraphs standing alone may frequently appear erroneous, but if in the light of other paragraphs the jury was not misled, such charge will be held sufficient.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction of murder, penalty forty years in the penitentiary.

The opinion states the case.

*McFarlane & Dillard* of Houston, for appellant. On failure to submit defensive issues in charge appellant cites Walker v. State, 251 S. W. 235; McDowell v. State, 151 S. W. 1049; Best v. State, 125 S. W. 909, and Smith v. State, 124 S. W. 679.

*A. A. Dawson*, State's Attorney, for the State.

MARTIN, JUDGE.—Offense murder, penalty forty years in the penitentiary.

Appellant and deceased, T. J. Wells, were both employees of the state penitentiary system, working as guards at a convict camp. A sufficient statement of the facts to illustrate the law points discussed is briefly as follows:

In a controversy between appellant and deceased a short time preceding the tragedy, appellant applied to deceased a vile epithet. According to appellant and his witnesses, deceased left immediately, went to a guard house, procured a gun and returned to the vicinity of the prior controversy. During this time he made some threats against appellant. Appellant testified that he was trying to avoid deceased; that deceased came upon him in the dark; that he had a gun raised and he believed deceased was intending to shoot him, and he shot and killed him. A gun was subsequently found near the scene of the killing, loaded with buckshot, with the hammer of the left barrel cocked.

We have stated the evidence in the most favorable light to appellant, since it was this evidence which appellant claims raised the issue hereafter discussed.

The court charged on murder, manslaughter, threats, and self-defense, but failed to give in charge Art. 1223 of the Penal

Code and the law applicable thereunder, which article reads as follows:

"When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

This article is a part of the law of homicide in Texas, and where the evidence raises the issue of the use of a deadly weapon by deceased, it is an absolute presumption imperative to juries, as well as courts, that deceased "designed to inflict the injury" mentioned in said article, and same must be given in charge to the jury. Kendall v. State, 8 Tex. Crim. App. 569; Carter v. State, 262 S. W. 79; Mason v. State, 228 S. W. 952; Branch's P. C., Sec. 1918; Vernon's P. C., 1925, Vol. 2, p. 358. The failure of the court to charge on this issue was reversible error.

In presenting the law of self-defense part of the language in the beginning of said charge is that "if you further believe from the evidence or have a reasonable doubt thereof that at the time of such killing, if any, the said T. J. Wells did attack defendant," etc. The quoted testimony raises the issue clearly of self-defense based upon apparent danger, and called for a charge from the court of danger as it "reasonably appeared to the appellant." The paragraphs of the court's charge basing self-defense upon threats and upon actual and apparent danger is subject to the criticism that it authorized the jury to view the situation from their standpoint rather than from that of the appellant. Quoting from the authorities:

"It is a fundamental proposition in self-defense that the killing must be viewed from the standpoint of the defendant as understood by him at the time he acted. The standpoint of defendant in self-defense is the essential and pivotal point of the doctrine of that phase of the law. The accused is not tried from the standpoint of the other side." Singleton v. State, 86 Tex. Crim. Rep. 401.

"The charge on self-defense must be clearly and affirmatively submitted as viewed from the defendant's standpoint and not from that of the jury." Williams v. State, 61 Tex. Crim. Rep. 361. See also Carlile v. State, 90 Tex. Crim. Rep. 1; Branch's P. C., Sec. 1926, and Branch's P. C., p. 1074.

These authorities will indicate to the trial court the vice in his charge.

There is in immediate connection with these paragraphs on self-defense a charge on apparent danger which instructs the jury that the situation must be viewed alone from the standpoint of the defendant as it reasonably appeared to him at the time. This was a correct presentation of the law, but in view of the fact that the other paragraphs are somewhat contradictory and in view of the disposition we make of this case, we have thought best to call the court's attention to the error immediately above discussed, though we are not prepared to hold that we would reverse alone upon this point, since the charge as a whole might not have misled the jury.

Many other complaints are presented with reference to the court's charge which would appear to have merit if isolated paragraphs are considered alone without relation to the remainder of the charge. As has been many times stated and reiterated, the charge must be considered as a whóle. While the court's charge in many respects is somewhat inaccurate, we will assume the court on another trial will correct his charge to meet appellant's objections, though we are not prepared to hold said inaccuracies constitute reversible error.

Because the court failed to charge the law of presumption arising from the use of a deadly weapon by deceased, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.