LEAH BAILEY v. THE STATE.

No. 12210. Delivered April 17, 1929.

C. R. *Fields,* of Wink, *W. L. Calry* of Pecos and *Tom B. Ridgell* of Breckenridge, for appellant.

A. A. *Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, life imprisonment.

Appellant and her husband operated a cot house in the town of Monahans. Deceased was a Deputy Sheriff. By State's witnesses it was shown that about one o'clock at night six shots rang out at appellant's place of business, there being an interval between the first two shots and the last four. An officer arriving on the scene found deceased, Dan Horn, dead a few feet from the door of appellant's place of business and appellant on the gallery in front of her house with a pistol in her hand. She stated to the officer that deceased had "pistol whipped" her and she had shot him. Appellant at the time was shown to have had a severe scalp wound on top of her head and was bleeding profusely. For the appellant it was shown that deceased came to her house about one o'clock at night, after she and her husband had retired, and demanded to know why she had turned the lights out on him. He applied a vile epithet to her, slapped her and struck her violently over the head with a forty-

five pistol, producing the wound testified to by the State's witnesses. When he hit her she procured a pistol and shot him, according to her testimony, and continued to shoot him as he backed away until he fell dead. These brief facts will sufficiently illustrate the law points discussed.

The indictment in this case was returned on June 12, 1928. Subpoenas for appellant's witnesses appear to have been issued on June 13, 1928. The case was tried on June 18, 1928. When the case was called for trial appellant made application for a continuance on account of the absence of twelve witnesses which she alleges were not in attendance and whose testimony is shown to be material by the averments of the motion. The record is in a somewhat confused condition with reference to this matter and we are unable in its present condition to ascertain precisely the status of the diligence with respect to some of these witnesses. It is shown, however, by copy of process attached to said motion that subpoena was issued for George W. Townsley and Barn Hays on June 13, which appears to have been placed in the hands of the Sheriff of Ward County, but his return on said subpoena makes no reference whatever to these witnesses one way or the other. The State controverted the appellant's motion to continue by written affidavit filed by the District Attorney. Other witnesses are mentioned in this instrument but reference to these two appears to be entirely omitted. Considering the record as a whole, we regard the diligence sufficient as to these two witnesses. Appellant avers she could prove by Townsley that he had a conversation with deceased, Dan Horn, on the day before the killing in Monahans, Texas, and that the said deceased, Horn, told witness that "he was going up to appellant's home and knock her and her husband's ears down, meaning this appellant and her husband, and in the same conversation deceased, Dan Horn, cursed and abused appellant and threatened her and said he was going to pistol whip the whole bunch." It was averred that appellant could prove by the witness Barn Hays that deceased "pistol whipped" him, and further the "deceased a short time before his death assaulted one Joe Bennett without provocation and struck him over the head with a pistol." It seems to be the claim of the District Attorney that this last testimony with reference to antecedent assaults made by deceased was inadmissible and that if admissible, such facts could be established by other witnesses present. Appellant testified on the trial that she knew prior to the homicide of these acts of violence, particularly of his assault upon Joe Bennett.

Where self defense is an issue, specific acts of unlawful violence committed by deceased on others is always admissible if known by the accused prior to the homicide. Childress v. State, 30 Tex. Crim. Rep. 160; Knighton v. State, 100 Tex. Crim. Rep. 516; Messimer v. State, 222 S. W. 584. Nor is it any legal objection to a first continuance that the absent testimony is cumulative. Wilson v. State, 18 Tex. Crim. App. 585; Wade v. State, 172 S. W. 215; Branch's P. C., Sec. 323. That the quoted testimony of Townsley and Hays was highly material and admissible admits of no argument, and we think the Court's action in refusing to continue the case was such prejudicial error as demands a reversal.

Objections appear to the Court's charge but they are of such general character that we could hardly be justified in considering them, but in view of the disposition we make of the case, we desire to call attention to certain errors appearing therein. The Court's charge on self-defense appears qualified with the following:

"But in exercising the right of self-defense she is only permitted to use such degree of violence as is reasonably necessary to prevent or protect herself against such unlawful violence."

If at the time the fatal shot was fired it reasonably appeared to appellant that she was in danger of death or serious bodily injury at the hands of deceased, she had a right to shoot and kill deceased. This is an absolute right given her by law and should not be qualified or abridged by a statement that may have been understood by the jury as an intimation from the Court that she could and should have resorted to other means before shooting. Nor is this right of self-defense to be judged by what the jury might believe was the "use of greater force than was reasonably necessary." How did it reasonably appear to the appellant at the time, viewing the situation alone from her standpoint is the test, not how did it reasonably appear to the jury at the time of the trial. It is the reasonable belief of an accused as to the existence of facts and not the truth of the facts which should be submitted in cases of this character. Singleton v. State, 86 Tex. Crim. Rep. 401. See also recent case of Bazan v. State, 12 S. W. (2nd) 788, and authorities there collated. We will observe in passing that it will be safer on another trial for the Court to be guided in framing his charge by the "ancient landmarks" of the law of self-defense, which have been plainly hewn through many decades in the history of our jurisprudence, as we perceive nothing in the facts of this case which calls for any radical departure from these.

The facts of this case call for a charge under Art. 1223 of the Penal Code on the presumption from the use of a deadly weapon by deceased. See authorities collated under Art. 1223, Vernon's Penal Code. Such a charge appears not to have been given.

If on another trial there is testimony given of antecedent threats communicated to appellant, the Court should also give an affirmative charge on this matter. Branch's P. C., Sec. 2083. It is not necessary, however, to give this charge if the evidence of threats shows that same were made during the difficulty. Branch's P. C., Sec. 2075; Hadnot v. State, 7 S. W. (2d) 566.

For the error discussed the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.