## JUDE JERNIGAN v. THE STATE.

No. 12577. Delivered May 22, 1929.

The opinion states the case.

*R. C. Musslewhite* of Lufkin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manslaughter; the punishment confinement in the penitentiary for two years.

The offense was committed prior to the enactment of the statute repealing the law of manslaughter and on the present trial a charge covering manslaughter was submitted to the jury.

The testimony of the state tended to show that appellant killed the deceased without provocation. Appellant testified that deceased came to his house at night, threatened him and invited him outside. He said that he secured a shot gun and opened the door and that seeing deceased with a pistol in his hand as if about to shoot him, he fired upon deceased and killed him.

The evidence raised the issue of the use of a deadly weapon by deceased. Timely and proper exception was made to the failure of the court to give in charge Article 1223 of the Penal Code. This article provides:

"When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

We have held that where the evidence raises the issue of the use of a deadly weapon by deceased that the article quoted should be given in charge to the jury. Holland v. State, 15 S. W. (2d) 626; Gaither v. State, 3 S. W. (2d) 814; Carter v. State, 262 S. W. 79; Mason v. State, 228 S. W. 952; Kendall v. State, 8 Texas Appeals, 569.

Appellant requested the court to charge on the law of threats. We find no evidence of antecedent threats by the deceased against the appellant. The threats were made at the time of or during the difficulty, and in the presence of appellant. Hence the language used

538

by deceased did not demand a charge on threats. Atkins v. State, 280 S. W. 793, and authorities cited.

For the error mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.