## W. J. YARBOROUGH V. THE STATE.

No. 17575.   Delivered June 28, 1935.

The opinion states the case.

*Mel T. James* and *Tom B. Perkins,* both of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for seven years.

W. B. Arthur, sheriff of Dickens County, testified, in substance, as follows: Having been advised that appellant was carrying a pistol, he went to a filling station for the purpose of arresting him.  He told appellant he wanted to search him for a pistol.  Appellant immediately drew his pistol and shot him in the side.  Running around the corner of the building, appellant fired another shot which struck him in the hip.  At this juncture, witness pulled his pistol and shot at appellant.  Appellant stumbled and fell.  Witness shot to cripple appellant.

Appellant testified that when he and the sheriff got behind the corner of the filling station the sheriff said: "What's all this hell that's been going on around here;" that he replied that he did not know anything about it; that the sheriff said: "By God, I want it stopped;" that he asked the sheriff what he was going to do about it; that the sheriff grabbed him by the arm with his left hand, saying, "By God, I will show you what I am going to do;" that nothing was said about arresting him; that he whirled and tried to get away; that as he was leaving the sheriff shot at him, and pursued him; that he stumbled and fell; that he was trying to get away; that when he saw that he could not get away and that the sheriff was going to kill him, he pulled his pistol and started shooting, firing six shots; that he did not intend to kill the sheriff; that he was shooting at him to keep him from killing him; that he did not have any intention of resisting arrest.

The court charged on self-defense, but overruled appellant's objection to the charge for its failure to embrace an instruction covering provisions of Art. 1223, P. C. We quote the provisions of said article as follows: "When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury." Appellant's testimony clearly showed an attack with a weapon of the nature described in the statute. It has been held by this court that where the evidence raises the issue of the use of a deadly weapon by the deceased, it is an absolute presumption imperative to juries, as well as courts, that the deceased intended to inflict the injury mentioned in Art. 1223, P. C., and further, that the provisions of the article must be given in charge to the jury. Gaither v. State, 3 S. W. (2d) 814; Strickel v. State, 33 S. W. (2d) 451, and authorities cited. The law of self-defense in cases of homicide applies also to cases of assault with intent to murder. Branch's Annotated Penal Code, Sec. 1654; Edwards v. State, 5 Texas App., 593. It has been held necessary to give the charge in prosecutions for assault with intent to murder. See Cooper v. State, 85 S. W., 1059, and Castle v. State, 209 S. W., 416.

The judgment is reversed and the cause remanded.

LATTIMORE, JUDGE, dissents.

*Reversed and remanded.*

MORROW, Presiding Judge, and HAWKINS, Judge.— We are of opinion that under the record the reversal is imperative unless many precedents are overruled or ignored. There is no question but that from appellant's testimony the injured party was armed with a pistol and was using it. Art. 1223, P. C., is a statutory presumption in accused's favor under the circumstances stated therein of which accused derives no benefit unless the jury is advised of it by proper instruction. In addition to the authorities cited in the opinion by Judge Christian, we cite: Holland v. State, 112 Texas Crim. Rep., 164, 15 S. W. (2d) 626; Carter v. State, 97 Texas Crim. Rep., 508, 262 S. W., 79; Mason v. State, 88 Texas Crim. Rep., 642, 228 S. W., 952; Bailey v. State, 112 Texas Crim. Rep., 550, 17 S. W. (2d) 1051.

LATTIMORE, Judge, (dissenting).—Art. 1223, P. C. is quoted in the opinion of Judge Christian, and for the refusal to incorprate same in the charge of the court, this case is reversed. I cannot approve the reversal under the facts and law as I understand same. The facts show that Sheriff Arthur, Mr. Dilllon and Mrs. Macon, eye-witnesses,—swore that appellant fired at the sheriff twice before Mr. Arthur drew his pistol, a 45 Colts, and shot at appellant. The pistol used by appellant was a 25 automatic. Four witnesses who heard the shooting swore that the smaller pistol fired first.

Mr. Arthur testified that he took appellant around the garage from where he was talking in order to search him for a pistol,—that he never did such a thing publicly if it could be avoided, and that when they got around there he told appellant he would have to shake him down for a gun, whereupon appellant drew his pistol and fired at him a number of times before witness drew his and shot at appellant. Appellant testified that after the sheriff took him around the garage, the latter pulled out his pistol and shot twice at witness, and he then drew his pistol and shot six times at the sheriff. The only eye witness beside appellant introduced for the defense testified that he saw appellant and Mr. Arthur as they turned the corner of a building, and that three things happened at once. He saw Mr. Arthur reach back toward his pistol, and at the same time he heard shots, and appellant disappeared. He said there were no two or three seconds, that the reaching back and the firing were at the same time.

Upon these facts the court told the jury in the charge that every person had the right to defend himself against real and

apparent danger as viewed from his standpoint, and that if from appellant's standpoint it appeared that Arthur had made or was about to make an attack upon him producing in defendant's mind a reasonable apprehension of death or serious bodily injury, and that under such reasonable expectation or fear he shot Arthur, he should be acquitted. There was no controversy over the deadly character of the weapon used by Mr. Arthur, which was a 45 caliber pistol. There was no contradiction of his testimony that when he drew it he shot at appellant. The only issue was as to who did the first shooting. Under these facts appellant could have gotten no more by the giving of the charge covering Art. 1223, supra, than he did get from the charge as given. We are forbidden by Art. 666, C. C. P. to reverse cases for errors in the charge, unless we think same calculated to injure the accused. Application has been given of this statute in a case similar to the one before us. See Escobar v. State, 121 Texas Crim. Rep., 316. My Brethren entertain the view that the opinion of reversal should be approved. Not being able to agree with them, I respectfully dissent.