George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

Under an indictment charging assault with intent to murder with malice, appellant was convicted of assault with intent to murder without malice, with punishment assessed at one year and one day in the penitentiary.

A statement of the facts is not deemed called for. It is sufficient to say that the testimony raised the issue of self-defense. The trial court so recognized, and applied that defense by the following charge: "Now if you believe that the defendant committed an assault as a means of self-defense, believing at the time that he was in danger of losing his life or of serious bodily injury, at the hands of Anderson Davis, Jr. then you will acquit the defendant of any and all offenses and say by your verdict, not guilty."

It is apparent that this charge does not submit the doctrine of reasonable doubt in connection with self-defense and, in not so doing, is erroneous. 22 Tex.Jur., Homicide, Sec. 281, p. 1014; Milam v. State, 109 Tex. Cr.R. 85, 3 S.W.2d 97; Thompson v. State, 105 Tex.Cr.R. 351, 288 S.W. 464; Castle v. State, 84 Tex.Cr.R. 593, 209 S.W. 416.

Appellant reserved a proper exception to the charge for the error mentioned.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

## HICE v. STATE.
### No. 25102.

Court of Criminal Appeals of Texas.
Jan. 10, 1951.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

Appellant was convicted of the offense of assault with intent to rape, and the jury assessed his punishment at twenty-five years in the penitentiary.

There is found in the record an affidavit signed by the district attorney of Bowie County showing the death of the appellant.

The appeal is therefore abated.

Opinion approved by the Court.