## Grady Mason v. The State.

No. 5699.   Decided March 9, 1921.

1.—Murder—Manslaughter—Charge of Court—Dying Declarations—Location of Wound.

Where, upon trial of murder and a conviction of manslaughter, the court admitted the dying declaration in evidence, the character of instrument used and the wounds inflicted, and expert opinion as to the cause of death, there was no reversible error.

2.—Same—Provoking Difficulty—Charge of Court.

Where, upon trial of murder and a conviction of manslaughter, the evidence fairly raised the issue of provoking the difficulty, the court properly undertook to charge the law applicable thereto.

3.—Same—Provoking Difficulty—Charge of Court.

The continued number of cases which reach this court for review upon the subject of provoking the difficulty, prompt this court to call the attention of trial judges to the importance of exercising care in the preparation of charges on this subject.

4.—Same—Charge of Court—Provoking Difficulty—Self-defense.

Where, upon trial of murder and a conviction of manslaughter, the court charged the jury that if defendant provoked the difficulty that resulted in the death of deceased, or by his own wrongful act or conduct produced the necessity for taking the life of deceased, etc., then the defendant would be guilty of manslaughter, even though such killing was done in his own self-defense, the same is not the law and reversible error, as a person may have a perfect right of self-defense, though he may not be entirely free from blame.

5.—Same—Provoking Difficulty—Charge of Court—Rule Stated.

Before a party's right to self-defense can be impaired, or limited, by the issue of provoking the difficulty, three things must concur: First: he must have intended to provoke his adversary to make the first overt act; second, he must do or say something, one or both, with the intention of bringing about that result; and third, and the things that he does or says must be reasonably calculated to and do effect that object, and where in the instant case the court failed to so charge the law, the same was reversible error.

6.—Same—Provoking Difficulty—Converse Proposition—Charge of Court.

Whenever it becomes necessary, in the opinion of the trial court, to charge the jury upon the law of provoking the difficulty, it is necessary always that the converse of that proposition be also given in charge to the jury. Following Roberson v. State, 83 Texas Crim. Rep., 239, and other cases.

7.—Same—Charge of Court—Aggravated Assault—Burden of Proof.

Where, upon trial of murder and a conviction of manslaughter, the court's charge on aggravated assault not only shifted the burden of proof and required the jury to believe beyond a reasonable doubt that the defendant did strike and kill the deceased, but that they must also believe beyond a reasonable doubt that in making the assault upon the deceased he was not justified, the same was error.

**8.—Same—Charge of Court—Aggravated Assault—Requested Charge.**

Where, upon trial of murder and a conviction of manslaughter, the court in his charge on aggravated assault in effect told the jury that if the blow struck by the defendant resulted in the death of the deceased, and was delivered under the influence of sudden passion, or excitement, or in inflicting said blow the instrument used was not calculated to or likely to produce death, and they further believed that defendant had not provoked the difficulty, then he would not be guilty of a higher defense than that of aggravated assault, the same was reversible error, the defendant having requested a proper charge on this phase of the case.

**9.—Same—Charge of Court—Presumption.**

Where, upon trial of murder and a conviction of manslaughter, the record showed an entire omission of any charge upon the presumption from the use of a weapon by the deceased, and the defendant requested a charge upon this phase of the case, which was erroneously drawn, and refused by the court, the court should nevertheless have given a proper charge upon this issue.

**10.—Same—Argument of Counsel—Suspended Sentence.**

Where, an application for a suspended sentence is filed, it is not necessary for the court to charge that the filing of the plea creates no presumption of guilt, unless the State contends that it does, and where the State has contended, as it seems it has in the instant case, that the plea of suspended sentence was equivalent to a plea of guilty, the jury should either have been instructed not to regard the argument, or that the filing of the plea created no presumption of guilt. Following Bradley v. State, 72 Texas Crim. Rep., 287, and other cases.

Appeal from the District Court of Floyd. Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of manslaughter; penalty, three years confinement in the penitentiary.

The opinion states the case.

*Frank Ford,* and *B. B. Greenwood,* and *Kenneth Bain,* and *Kinder & Russell,* and *A. B. Martin,* for appellant.—On question of provoking the difficulty: Burnett v. State, 100 S. W. Rep., 381. White v. State, 62 id., 575; Burkhardt v. State, 202 id., 513; and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at confinement in the penitentiary for a term of three years.

This is the second appeal in this case. The case on the other appeal is reported in 85 Texas Crim. Rep., 254. The facts are sufficiently stated in that opinion, and it will be unnecessary to repeat them here.

Many questions are raised by appellant which we will not discuss at length. We think there is no merit in the bills which challenge the correctness of the trial court's action in admitting the dying declaration in

evidence, and the testimony of Dr. Hopkins as to the character of the instrument with which the wound was inflicted, and as to his opinion as to the cause of death; nor as to the testimony of the wife of deceased as to the location of the wound on deceased's head with reference to a torn place in the cap.

The trial court charged on provoking the difficulty, and appellant urges (1) that the court was in error in charging on that issue at all, claiming it was not raised by the evidence, and (2) that if mistaken as to that contention, the charge of the court upon that issue does not properly state the law of provoking a difficulty.

We do not agree with appellant in his first contention. An examination of the facts show the issue was fairly raised, and the court, therefore, properly undertook to charge the law applicable to it. The charge upon that subject, and all of the charges presenting that issue, is copied here:

"10. You are further instructed that as a part of the law of self-defense, that if a person, by his own wrongful acts, brings about the necessity of taking the life of another to prevent himself being killed, or being seriously injured, he cannot claim that such killing was in his own necessary self-defense.

"11. If an accused, by words or acts, or both, provoke a difficulty or combat for the purpose of thereby committing a battery on another, or inflicting violence upon such other person, other than to kill him or do him serious bodily injury, and the accused does commit such battery or does violence to such other person, and death should result therefrom, then the accused would be guilty of manslaughter even though it should then be necessary to kill the deceased in his own self-defense.

"12. You are instructed that if you believe beyond a reasonable doubt that the defendant provoked the difficulty that resulted in the death of the deceased, or by his own wrongful acts, or conduct, produced the necessity for taking the life of deceased, but at said time had no intention to kill deceased, or to inflict upon him some serious bodily harm, the defendant struck the deceased on the head with a piece of windmill sucker rod and that such sucker rod was, from the manner and mode of its use, such an instrument as was calculated or likely to produce death or serious bodily injury, and that such death of deceased was caused by such blow inflicted by the defendant, and there was no great neglect or manifestly improper treatment of deceased, then the defendant would be guilty of manslaughter, even though such killing was done in his own self-defense. But if there was great neglect or manifestly improper treatment of the deceased, then the defendant would be guilty of no higher offense than that of aggravated assault."

The twelfth paragraph of the court's charge was excepted to by appellant for many reasons, but the following are set out in full as they are the ones this court will discuss later on:

"Said paragraph 12 is further erroneous in that the jury's consideration is not limited to such words, acts and conduct of the defendant as might in reason and did in fact provoke the difficulty, the jury being left to select any fact in evidence that in their judgment was wrongful, even though such fact or facts would not in law be sufficient to cut off the defendant's right of self-defense."

And further: "Said paragraph 12 is further erroneous in not charging the converse of the State's theory, to-wit: that if the defendant did not provoke the difficulty, then he is entitled to his perfect right of self-defense."

The only excuse this court can urge for discussing the question of provoking the difficulty at any length is the continued number of cases that reach this court for review upon that subject, and we discuss the matter in the hope that we may eventually call the attention of the trial judges over the State to the importance of exercising care in the preparation of charges on this subject.

An inspection of the twelfth paragraph of the charge copied above tells the jury "that if defendant provoked the difficulty that resulted in the death of the deceased, or by his own wrongful acts, or conduct, produced the necessity for taking the life of deceased, . . . then the defendant would be guilty of manslaughter, even though such killing was done in his own self-defense." The foregoing is not the law. A party may have a perfect right of self-defense, though he may not be entirely free from blame or wrong in the transaction. If the blamable or wrongful act was not intended to produce the occasion, nor an act, which was, under the circumstances, reasonably calculated to produce the occasion or provoke the difficulty, then the right of self-defense would be complete, though the act be not blameless. The foregoing charge of the court is subject to the criticism directed at it by counsel for appellant, in that it gives the jury no measure or guide with reference to what wrongful acts or conduct would amount to provoking the difficulty, but, as suggested by counsel in his exception to that charge, leaves the jury to grope through the record with freedom to pick out any act which they might in their judgment believe to be wrongful or blamable upon the part of appellant, which resulted in bringing on or provoking the difficulty. An accused may seek a party with the intent to provoke a difficulty, but he does not forfeit his right of self-defense unless after he has found his adversary, he then by words or acts, or both, did provoke it. Indeed, he must go further than that even before his right of self-defense can be so limited. He must not only have intended to provoke his adversary to make an attack in order that he might gain the vantage ground of acting apparently on the defensive, but he must do something or say something, either or both, with the intention and purpose of causing his adversary to make the attack, and then the things he does or says must be reasonably calculated to effect that object. In other words, they must be reasonably calculated to make his adversary begin the attack, the very thing

he has designed from the first, in order that he may then proceed with his original unlawful purpose towards his adversary with the law apparently on his side.

To state the matter in another way: before a party's right of self-defense can be impaired or limited by the issue of provoking the difficulty, three things must concur: (1) he must have intended to provoke his adversary to make the first overt act; (2) he must do or say something, one or both, with the intention of bringing about that result, and (3) the things that he does or says must be reasonably calculated to and do effect that object. If anyone of these three elements are absent from a charge presenting the issue of provoking the difficulty, it is erroneous. The reason for this is apparent, because a man might start out to seek his adversary with the intent to provoke him to make an attack upon him, and then when he has found him abandon that intent and refrain from doing or saying that thing which would be reasonably calculated to effect his original purpose; or having intended originally to provoke his adversary to make an attack, if the thing that he says or does is not reasonably calculated to induce him to do so, then that element of the law upon this subject would be absent. If a person by his own wilful and wrongful act bring about the necessity of taking the life of another to prevent being killed himself, he cannot say or claim that such killing was in his own necessary self-defense, for the law then imputes to him his own wrong and its consequences. The law is that he who wilfully brings on a difficulty in which he intends to inflict injury upon the person with whom the difficulty is provoked, and who does or says something which is reasonably calculated to and does provoke his adversary to make the first attack, cannot avail himself of the shield of self-defense, though his own life be imperiled in the difficulty.

The jury in this case ought to have been told, substantially, that if they believed beyond a reasonable doubt the defendant by his own wilful and wrongful acts, if any, engaged the deceased in a quarrel with the unlawful and wilful purpose of provoking a difficulty with the intention to kill the deceased, or to inflict upon him some other injury less than death or serious bodily harm, and that if the jury further believed from the evidence, beyond a reasonable doubt, that the defendant did some act, or used some language, or did both, with the unlawful purpose and intention of producing the occasion to bring on the difficulty and to kill or inflict serious bodily injury, or some less harm, upon the deceased, and with the purpose of inducing the deceased to make an attack upon him, the defendant, and that such acts or language, or both, of the defendant, if any such, were reasonably calculated under the circumstances at the time to provoke a difficulty with the deceased, and that such act or language, or both, if any such there was, of the defendant caused the deceased to attack the defendant, or make other hostile demonstration toward the defendant, and that then the defendant in pursuance of his original unlawful and wilful in-

tention, if any such intention defendant had, struck the deceased and inflicted injury upon him, that then the defendant could not avail himself of his plea of self-defense, but that he would be guilty either of manslaughter or aggravated assault, as the jury might determine and find from other instructions given by the court.

It is not intended by the foregoing suggestions to lay down the proper charge, but they are made only for the purpose of indicating the substantial matters that ought to be included in a charge upon the subject under discussion. Whenever it becomes necessary in the opinion of the trial court to charge the jury upon the law of provoking a difficulty, it is necessary always that the converse of that proposition be also given in charge to the jury. In other words, they should be told in some appropriate language that if the appellant at the time of the homicide or difficulty did do or say certain things, but that they were not done or said with the intention of provoking a difficulty, that then the defendant's right of self-defense would not be impaired or abridged and he could stand his ground and resist any unlawful attack or threatened attack which deceased may have made upon defendant's person. In the case of Roberson v. State, 83 Texas Crim. Rep., 239, the foregoing matters were discussed at some length and a considerable portion of the charge of the court in that case was copied in that opinion, which will support what has been said here. Also see Branch's P. C., Art. 1138; Branch's Crim. Law, Sec. 467, and cases there collated; Young's case, 53 Texas Crim. Rep., 416, 110 S. W. Rep., 445.

Paragraph nineteen of the court's charge is as follows, insofar as it may be necessary to present the question for discussion:

"19.   You are instructed that if you find and believe from the evidence, beyond a reasonable doubt that the defendant did strike and kill the deceased but at said time had no intention to kill the deceased and that the defendant had not provoked the difficulty that resulted in the death of the deceased, or by his own wrongful acts had not produced the necessity for taking the life of the deceased, and that in making the assault upon the deceased he was not justifiable as hereinbefore explained to you, but that the blow inflicted by the defendant, if any, which resulted in the death of the deceased was done under the influence of sudden passion or excitement, or in inflicting said blow the instrument used was not calculated or likely to produce death, then, in that event, he would not be guilty of a higher offense than that of an aggravated assault."

This portion of the court's charge is also attacked as being erroneous, and we think with good grounds. It not only shifts the burden of proof and makes the jury believe beyond a reasonable doubt that the defendant did strike and kill deceased, but also believe beyond a reasonable doubt that in making the assault upon deceased he was not justified. Upon another trial the court should so frame this charge as not to fall into this error.

But the particular attack directed at Section 19 of the charge is that it in effect tells the jury that if the blow struck by the defendant resulted in the death of the deceased, and was delivered under the influence of sudden passion or excitement, or in inflicting said blow the instrument used was not calculated to or likely to produce death, *and they further believed that defendant had not provoked the difficulty,* then, in that event, he would not be guilty of a higher offense than that of aggravated assault. This is not the law. It would make no difference under the law if defendant had provoked the difficulty, and had provoked it with the intention and the desire of producing an occasion by which he might make an assault upon the deceased, yet if it was made under the influence of sudden passion or excitement, and with an instrument not calculated or likely to produce death, he would not be guilty of any higher grade of offense than an aggravated assault, even though he did provoke it. Counsel for appellant not only excepted to this portion of the court's charge, but presented a special charge, which more nearly presented the law than the one given by the court. The special charge requested by appellant is as follows:

"You are instructed that the law of our State provides that where a homicide occurs under the influence of sudden passion but without use of means not in their nature calculated to produce death, the person killing is not deemed guilty of a homicide unless it appears that there was an intention to kill, but the party from whose act death resulted may be prosecuted for and convicted of any grade of assault and battery. You are, therefore, charged that if you believe beyond a reasonable doubt that the defendant struck the deceased with a piece of sucker rod and that such blow was the cause of deceased's death, but you further believe that the blow was struck under the immediate influence of sudden passion and by the use of means not in their nature calculated to produce death, and that there was no intention to kill, then you cannot convict the defendant of any higher offense than aggravated assault."

Appellant complains of the failure of the court to give his special charge to the jury with reference to the presumption from the use of the weapon. The special charge presented is as follows:

"You are charged that if you believe from the evidence that deceased was advancing or about to advance upon defendant with a hammer, then the law presumes that deceased intended to kill defendant or do him some serious bodily injury, and if you so believe or have a reasonable doubt thereof, you will acquit the defendant, even though you may further believe that deceased had no such intention, and would not have harmed defendant."

The court was not in error in refusing this charge. It was not a correct presentation of the law. It assumes that the hammer was that character of instrument upon which the law bases the presumption of the intent of the person using it. If the charge had gone further and in effect requested the court to charge that if the deceased was armed with a hammer, and was advancing or about to advance upon the de-

fendant, and that the jury believed the hammer was an instrument calculated or likely to produce death, or serious bodily injury, in the manner in which it was being used, that then the law presumed that deceased intended to kill the defendant.   Upon an examination of the charge of the court we find an entire omission of any charge upon the presumption from the use of a weapon by the deceased.   Wherever that becomes an issue and request is made by the defendant, such a charge ought to be given in proper form.   Art. 1106 Vernon's C. C. P.

Appellant complains of the argument of counsel representing the State.   The appellant in this case filed an application for a suspended sentence.   This he had a right to do under the law, but in his closing argument to the jury the attorney representing the State made use of the following language: "Gentlemen of the Jury, whenever a man comes before a jury and asks for a suspended sentence it is a plea of guilty."   Appellant, through his counsel, excepted to this argument and requested the court to instruct the jury to disregard it, but said charge was refused by the court.   This character of language ought not to be indulged in, and it has been held by the court that it is improper. Bradly v. State, 72 Texas Crim. Rep., 287, 162 S. W. Rep., 515; Hughes v. State, 78 Texas Crim. Rep., 154, 180 S. W. Rep., 259.   In Hughes v. State, this court announces, in substance, that where an application for suspended sentence is filed it is not necessary for the court to charge that the filing of the plea creates no presumption of guilt, unless the State contends that it does, and where the State has contended, as it seems to have done in this case, that the plea for suspended sentence was equivalent to a plea of guilty, the jury should either have been instructed not .to regard the argument, or should have been instructed that the filing of the plea created no presumption of guilt.

The other alleged errors complained of by appellant in his bills of exception will not be discussed as the matters therein complained of will not likely  occur upon another trial of the case.

For the errors pointed out the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*