ARMSTEAD HOLLAND v. THE STATE.

No. 12379. Delivered March 27, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for twenty-five years.

Appellant testified in substance as follows: Appellant's wife told him that Willie Jones, deceased, had come to their home and insulted her, and attacked her. Appellant immediately armed himself and sought deceased for the purpose of asking him for an explanation. Being confronted by appellant deceased said: "Yes I did it and I suppose the cow will have you whip me about it." Thereupon deceased struck appellant with his fist, knocking him down and causing his mouth to bleed. Appellant jumped to his feet and ran. Deceased pursued him with an open knife in his hand. The knife was an "East Dallas Special" with a keen blade about four inches long and was capable of inflicting death. Deceased gained on appellant and appellant stopped and drew his pistol. The pistol fired. Whereupon deceased stopped the attack for a while, but in short time again advanced on appellant with the knife. Believing his life in danger at the hands of deceased appellant shot and killed him. Appellant's theory of self defense was supported by the testimony of other witnesses. The knife described by appellant

was found near the body of deceased. It was the state's theory, given support in the testimony, that after an altercation with deceased appellant followed deceased, who was retreating, forced deceased at the point of a pistol to deliver the knife to him and shot deceased while he was begging him to spare his life; and that there-after appellant placed the knife near the body of deceased. The state offered testimony tending to destroy appellant's theory that his wife had informed him that deceased attacked her. The foregoing statement of the evidence affords sufficient background for a review of appellant's exceptions to the charge of the court.

Appellant timely and properly excepted to the failure of the court to give in charge Article 1223 of the Penal Code, which provides:

"When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration, are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

In Gaither v. State, 3 S. W. (2d) 814, Judge Martin said:

"This article is a part of the law of homicide in Texas, and, where the evidence raises the issue of the use of a deadly weapon by deceased, it is an absolute presumption imperative to juries, as well as courts, that deceased 'designed to inflict the injury' mentioned in said article and same must be given in charge to the jury. Kendall v. State, 8 Tex. Cr. App. 569; Carter v. State, 97 Tex. Cr. Rep. 508, 262 S. W. 79; Mason v. State, 88 Tex. Cr. Rep. 642, 228 S. W. 952; Branch's Annotated Penal Code, Section 1918; 2 Vernon's P. C. 1925, p. 358."

In Carter v. State, supra, Judge Lattimore said:

"By the testimony of several witnesses appellant supported his claim that deceased was attacking him with a knife whose blade was 3 or 4 inches in length, in defense against which attack he struck the blows, which caused death. The truth of such testimony was for the jury under instructions from the court. Article 1106 of our Penal Code (1223) provides that when a homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting such offense be such as would have been calculated to produce that result, it is to be presumed that the person so using same designed to inflict the injury. We have

held in many cases that, if the facts show an attack with such weapon, the trial court should give in charge the substance at least of said article."

In the instant case the evidence raises the issue of the use of a deadly weapon by deceased. Hence the failure of the court to give in charge Article 1223, supra, was reversible error.

In the charge on self-defense the court in effect predicated appellant's right to an acquittal on a finding by the jury that his wife had been insulted by deceased; that she communicated such fact to appellant; that appellant believed his wife's statement to be true; that appellant armed himself for the purpose of seeking deceased and demanding an explanation; and that appellant called upon deceased for an explanation of his conduct toward appellant's wife. All of these facts were grouped in the charge on self-defense in such a manner as to require the jury to believe them all before they were authorized to acquit. Appellant timely and properly objected to this charge and the objection was overruled. The charge should have been amended to conform to the objection. In his Annotated Penal Code of Texas, Section 1938, Mr. Branch says:

"When entitled to a charge on self defense, defendant should have a clear, distinct and affirmative charge on that subject not entangled with a lot of provisos and qualifications."

See Sprinkle v. State, 91 S. W. 788; Burnett v. State, 100 S. W. 381; Fisher v. State, 168 S. W. 528.

It is the announcement of the decisions that "a charge on self defense should not group a number of facts and require the jury to believe them all before they are authorized to acquit." Branch's Annotated Penal Code of Texas, Section 1944; Willis v. State, 75 S. W. 798; Nix v. State, 78 S. W. 227; Dodson v. State, 78 S. W. 940; Hightower v. State, 119 S. W. 691; Graves v. State, 124 S. W. 678; McMillan v. State, 165 S. W. 576. The truth of the facts grouped in the charge on self defense was disputed by the state. It follows that we are unable to say that the manner in which the issue of self defense was submitted to the jury did not operate to the prejudice of appellant. In the state of the record reversible error is presented.

The court charged on abandonment of the difficulty by deceased. Several objections were interposed to this charge. Without discussing these objections in detail we observe that they appear to have been well taken. On another trial the charge of the court should be

framed in such manner as to conform to the objections now brought forward.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.