# B. F. Gay v. The State.

No. 19310.  Delivery February 2, 1938.
Rehearing granted April 20, 1938.

The opinion states the case.

*Richard & A. P. Mays,* of Corsicana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of assault with intent to murder and his punishment was assessed at confinement in the State Penitentiary for a term of three years.

It appears from the record that on the day of the alleged assault, a number of white men, accompanied by a few negroes, were out hunting rabbits. After they had hunted thirty minutes or more, appellant appeared with a couple of greyhounds and joined in the hunt. A short time later, the white men suggested that they go to another briar patch located in another pasture. Appellant declined to go because, he contended, his dogs had caught a number of rabbits but he had not been given any; that Jessie Daniels had all the rabbits. Daniels denied that he had any of the rabbits, and stated that he did not want appellant disputing his word. Appellant then drew a knife. Ernest Cummins, who saw the knife, called to Daniels not to go to the negro as he had a knife in his hand and would hurt him. Cummins started toward appellant and asked him to put up his knife, but appellant declined to do so and drew back his hand as if to strike him. Cummins then attempted to knock the knife from his hand with a green stick, but the stick slipped out of his hand. At this juncture, appellant ran at Cummins and stabbed him. The attending physician testified to three stab wounds, one being in the abdominal cavity and penetrating the cavity to a depth of four inches.

Appellant plead self-defense, and in support of said plea, testified that Daniels and Cummins both approached him in a threatening manner; that Cummins hit him with a stick and that in order to prevent serious injury to himself, he stabbed Cummins. He also filed a plea for suspension of sentence in the event of his conviction.

The record being in this state, the court instructed the jury on both an assault to murder with malice and assault to murder without malice, as well as the law of aggravated and simple assault and self-defense.

Appellant urged a great many objections to the court's charge and requested a great many special charges. To discuss them all would serve no useful purpose and unnecessarily extend this opinion. Suffice it to say that the court adequately instructed the jury upon the law applicable to every phase of the case as made by the testimony and incorporated in his main charge every legal principle embraced in appellant's requested instruction, insofar as the same were applicable to the case.

Appellant's objection to the court's charge in failing to affirmatively instruct the jury that fear, terror, rage or resentment, arising from an attempt on the part of Cummins to strike

the defendant with a stick, constituted adequate cause as a matter of law, can not be sustained. Since the repeal of the law of manslaughter, there is no statute which specifies or defines what constitutes adequate cause as a matter of law. Therefore it was not error for the court to refuse to give such an instruction. See Butler v. State, 51 S. W. (2d) 384.

Appellant's objection number eight to the court's charge, based on the ground that the court failed to instruct the jury that if the act of Cummins, in striking or striking at the defendant with a stick, caused such terror or passion, either alone or in conjunction with other acts and conduct of said Cummins or his associates, and did in fact produce in the mind of the accused such a degree of rage, resentment, terror or passion as rendered his mind incapable of cool reflection, and that while in such condition and state of mind he did commit the act, it would be no more than an aggravated assault.

We do not believe that appellant was entitled to such an instruction. If he acted under such state of mind, but with an intent to kill, it would only reduce the offense from an assault to murder with malice to an assault to murder without malice.

By bill of exception number one, appellant complains of the following argument by the district attorney, to-wit:

"If this cutting had happened in the generation of you older jurymen, it would not have reached the court house, but these are younger men, gentlemen of the jury, and a verdict at your hands, commensurate with the crime, will cause them to have a reverence for the law."

The court qualified said bill and in his qualification states that the argument was invited by the argument of counsel for appellant, but notwithstanding, he instructed the jury not to consider it.

It occurs to us that a part of the argument, to-wit: "A verdict at your hands, commensurate with the crime, will cause them to have a reverence for the law," was not improper. Appellant made a general objection to the entire argument complained of without directing his objection to that part of it which was improper. In the case of McKenzie v. State, 11 S. W. (2d) 172 (179), this Court held that a general objection to an extended argument, a part of which was unquestionably proper, was insufficient; that it was incumbent upon the appellant to single out the remarks deemed objectionable and request that the jury be instructed not to consider them.

Of course, a part of the argument complained of was not a discussion of the evidence and was improper. But not every improper argument will justify a reversal of a case; it is only

where the argument is of such prejudicial nature as was calculated to, and probably would, produce a conviction or enhance the punishment. In the case of Tweedle v. State, 29 Texas Crim. App. 586, this Court, speaking through Judge DAVIDSON, said: "The remarks must not only be improper, but they must be of such a nature as would be clearly calculated to prejudice the rights of the defendants. To reverse in all cases where counsel fail to confine themselves to the record would render trials farces. There is hardly a case of any importance tried but that during the progress of the trial some unguarded expression is used by counsel upon either side." See, also, Dodson v. State, 45 Texas Crim. Rep. 574; Davis v. State, 154 S. W. 550.

Bill of exception number sixteen recites that the State declined to cross-examine appellant, but when appellant placed Sherman Miles on the witness stand, who testified as to the general good reputation of appellant as a law-abiding citizen, the State was permitted to elicit from him the fact that appellant, in the year 1931 or 1932, had been indicted for murder. To break the force of said testimony, appellant then proved that the district attorney had, by motion, requested that the murder charge be dismissed and same was dismissed for lack of evidence; that the murder charge grew out of an automobile accident in which one person was killed.

We do not believe that it was error, but even if it was it is not of sufficient importance to require a reversal of the judgment. Appellant put his reputation in issue and proved by Miles that it was good. Therefore, if the witness had heard anything derogatory concerning appellant's character, he could certainly be interrogated with reference thereto, for the purpose of testing the accuracy of his information. See Lovelady v. State, 255 S. W. 415; Blue v. State, 106 S. W. 1157.

All objections to the court's charge on murder with malice or assault to murder with malice, passed out of the case when the jury found appellant guilty of an assault to murder without malice.

Appellant's objection to the court's refusal to instruct the jury to find defendant not guilty of an assault with intent to murder without malice, on the ground that there was no proof as to the size of the pocket knife, or the length of the blade, is without merit. The injured party, on cross-examination, testified that the wound in the abdomen "went to the hollow—that the doctor said so." The attending physician testified that the stab wound in the abdominal cavity was four inches deep.

It is the established rule in this State that wounds inflicted on the injured party may be looked to in determining whether

or not the knife or other weapon used by the defendant was a deadly weapon. See Branch's Annotated Penal Code, Sec. 1639, and authorities there cited.

It occurs to us that a knife or other instrument which is capable of inflicting a wound four inches deep is an instrument reasonably calculated to produce death.

All other matters complained of have been carefully considered by us and are overruled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Among other things urged upon motion for rehearing appellant insists that error was committed in refusing his special charge which would have instructed the jury as to the presumption arising from the use of a deadly weapon by the injured party. Exception was reserved to the refusal of the charge. There having been an entire omission from the main charge of an instruction upon the subject, the requested special charge and exception to its refusal saved the point. See Parker v. State, 98 Texas Crim. Rep. 209, 261 S. W. 782; Bell v. State, 99 Texas Crim. Rep. 61, 268 S. W. 168; Banton v. State, 119 Texas Crim. Rep. 169, 46 S. W. (2d) 703. The record contained sixteen special charges and twenty-one bills of exception. By reason of the many questions presented for review the seriousness of the one mentioned escaped us on original submission.

Article 1223, P. C. (1925), reads: "When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

It is the settled law that this article should be charged when deceased—or the injured party—is using a weapon which is deadly per se; or if the evidence raises an issue as to whether the instrument used was one calculated to produce death or

other injuries included in said article, then the jury should be instructed as to what the presumption would be in event they should find the instrument used was of the character mentioned. Briscoe v. State, 90 Texas Crim. Rep. 650, 236 S. W. 991; Gaither v. State, 3 S. W. (2d) 814; Holland v. State, 112 Texas Crim. Rep. 164, 15 S. W. (2d) 626; Strickel v. State, 117 Texas Crim. Rep. 433, 33 S. W. (2d) 451; Yarbrough v. State, 129 Texas Crim. Rep. 177, 84 S. W. (2d) 729; McFarland v. State, 104 S. W. (2d) 879.

The charge requested defined a deadly weapon to be one which from the manner used is calculated or likely to produce death or serious bodily injury, and then told the jury in substance if they found that Cummins was using a deadly weapon on appellant what the presumption of law would be.

The only question left for us to decide appears to be whether the evidence raised an issue as to the deadly character of the instrument being used by the injured party when cut by appellant, and it seems needless to go beyond the facts certified as true by the trial court in the bill of exception which brings forward complaint of the refusal of the special charge. After setting out the requested instruction and reciting that it was refused, the bill proceeds as follows: "And be it further remembered that the evidence in this case showed that the defendant was a negro; that at the time of his assault on Cummins, there was some eight or ten white men either surrounding him or in his immediate vicinity, all of whom were armed with sticks of varying length and weight. That prior to the assault, the defendant had made the statement that Mr. Daniels had gotten one of the rabbits that his dogs had caught, whereupon Jess Daniels advanced upon defendant with a stick and made the statement: 'Whoever said I got his rabbits is a liar.' It was at this time that the negro pulled his knife, whereupon Cummins advanced upon the defendant with a green stick from two or three feet long, and about two inches in diameter, commanded the defendant to put up his knife and struck at him with the stick. And be it further remembered that the witness, Cummins, testified that the stick that he had in his hand and with which he struck at the defendant was of sufficient size that he could probably have killed a man with it."

The recitals are a fair deduction from the record, and are supported by the statement of facts. Other evidence found therein would support a conclusion that the stick used by Cummins was perhaps not as dangerous as indicated by him, but it appears from the entire record that the issue as to whether the stick was of a deadly character was raised.

Under the authorities cited and many others referred to in the cases mentioned we are constrained to grant appellant's motion for rehearing, set aside our judgment of affirmance and now direct that the judgment of the trial court be reversed and the cause remanded.