## SCAFF McCOY v. THE STATE.

No. 19727. Delivered June 8, 1938.

The opinion states the case.

*R. E. Eubank,* of Paris, and *C. A. Holloway,* of Clarksville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for four years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Johnny Burks by shooting him with a pistol.

According to the testimony of appellant, deceased was the aggressor. He said deceased was attacking him with a knife when he fired the fatal shot. Further, there was testimony to the effect that after deceased had been shot a knife with a blade two or three inches long was found in his possession. In the state of the record, appellant sought to have the court submit an instruction under the provisions of Article 1223, P. C., which reads as follows:

"When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

It has been held by this Court that, where the evidence raises the issue of the use of a deadly wapon by the deceased, it is an absolute presumption, imperative to juries, as well as courts, that the deceased intended to inflict the injury mentioned in Article 1223, P. C., and further that the provisions of the article must be given in charge to the jury. Yarborough v. State, 84 S. W. (2d) 729. The State's Attorney before this Court confesses error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.