# OCTOBER 19, 1938

## T. G. BECKHAM v. THE STATE.

No. 19904.   Delivered June 15, 1938.
Rehearing denied October 19, 1938.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*A. O. Newman,* District Attorney, of Coleman, *J. C. Darroch* and *E. M. Davis,* Special Prosecutors, both of Brownwood, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 18 years.

The opinion on a former appeal is found reported in 109 S. W. (2d) 764. [133 Texas Crim. Rep. 206.]

During the present trial the State again introduced testimony showing ill-feeling and threats of R. D. Woods against deceased. In the opinion on the former appeal it was said that the Court entertained grave doubt whether such proof was admissible. The suggestion was made that the trial court should be cautious in regard to admitting such evidence upon another trial. We think the testimony in the present record is not sufficient to show a conspiracy or acting together by Woods and the appellant. We therefore express the opinion that the court

was in error in overruling appellant's objections to such testimony.

It was the State's theory, given support in the testimony, that appellant made an unprovoked attack upon the deceased and shot him to death. It was appellant's version that he acted in perfect self-defense. Under the circumstances, if appellant was warranted in using any force he was authorized to use all the force he did use. Appellant's exception to the charge on the ground that it embraced an instruction on the theory of excessive force should have been responded to. Branch's Ann. P. C., Section 1920.

The testimony of appellant was to the effect that deceased was attacking him with a knife when he (appellant) fired the fatal shot. Also the testimony showed that deceased had an open pocket knife in his hand when he fell. Upon the trial it was shown that the knife blade measured one and three-quarter inches in length. A physician testified: "A boy twelve years old could hit you with that knife and kill you. If he was to hit you in the abdomen with it it would kill you." Appellant timely and properly excepted to the failure of the court to give in charge Article 1223 of the Penal Code, which provides: "When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury." We think the testimony raised the issue of an attack with a weapon of the nature described in the statute. Hence it was incumbent upon the trial court to respond to appellant's exception. Strickel v. State, 33 S. W. (2d) 451. We are not holding that the knife as described was a deadly weapon per se. The issue as to whether such weapon was of the character mentioned should have been left to the jury under proper instructions.

While not predicating a reversal upon the refusal of the trial court to change the venue, we confess that the question has given us much concern.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have carefully examined the State's motion for rehearing and the authorities cited in support thereof. It is deemed unnecessary to write further on the subjects discussed in our original opinion.

·The State's motion for rehearing is overruled.