## CLYDE WHATLEY V. THE STATE.

No. 21505. Delivered March 26, 1941.

The opinion states the case.

*Scott & Hall*, of Marshall, *B. F. Whitworth*, of Linden, and *Carney & Carney* and *Tom J. Mays*, all of Atlanta, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder without malice; the punishment, confinement in the penitentiary for five years.

The trial was had in Harrison County on a change of venue from Marion County.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed E. R. Todd by shooting him with a pistol.

The State's theory, given support in the evidence, was to the effect that appellant killed deceased without provocation.

Appellant's testimony raised the issue of self-defense. According to his version, deceased had drawn his pistol and had it

in his hand in an effort to kill him. Believing that his life was in danger, he drew his pistol and fired the shots that resulted in the death of the deceased.

The court charged on self-defense, but overruled appellant's objection to the charge for its failure to embrace an instruction covering the provisions of Article 1223, P. C. We quote the provisions of said article, as follows:

"When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

Appellant's testimony clearly showed an attack by deceased with a weapon of the nature described in the statute. It has been held by this court that, where the evidence raised the issue of the use of a deadly weapon by the deceased, it is an absolute presumption, imperative to juries, as well as courts, that the deceased intended to inflict the injury mentioned in Article 1223, supra; and further, the provisions of the article must be given in charge to the jury. Yarborough v. State, 84 S. W. (2d) 729; Gaither v. State, 3 S. W. (2d) 814; Strickel v. State, 33 S. W. (2d) 451; Holland v. State, 15 S. W. (2d) 626; Carter v. State, 262 S. W. 79; Mason v. State, 228 S. W. 952; Bailey v. State, 17 S. W. (2d) 1051. Giving effect to the decisions, we are constrained to hold that the court fell into reversible error in failing to respond to appellant's exception to the charge.

If another trial be had note should be taken of the holding in Best v. State, 125 S. W. 909, and Lewis v. State, 231 S. W. 113, relative to the application of the law of murder to the facts where self-defense is an issue.

The judgment is reversed and the cause remanded.

The foregoing opinion of the commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.