J. W. HURST, JR. v. THE STATE.

No. 24011. Delivered April 28, 1948.

*H. A. Coe, of Kountze,* for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

For the murder of Arthur Morris Lumpkin, Jr., appellant has been condemned to serve two years in the penitentiary.

Appellant's father owned and operated "Dad's Place," a beer tavern and dance hall in Hardin County. Appellant was employed as the "bouncer" to maintain order and keep down trouble in the place. The father had provided the bouncer with a "slapjack," a weapon of leather covering a hard substance and about two inches wide at the widest part.

The sheriff of the county testified that a "slapjack" is "for an officer to use to hit with, but it will not leave any cuts on the outside; it is advertised for knock out. It is advertised and used by officers as a knock out."

At the request of the father, the sheriff had purchased for him four of the slapjacks. The appellant and his father carried a slapjack on their persons at all times while a dance was in progress. On the night of May 10, 1946, a fight occurred between some parties across the road from the tavern. Deceased was a bystander and not involved in or connected with the fight. The fight was stopped and soon thereafter another fight, growing out of the first encounter, broke out near the entrance of the tavern. Deceased was not connected therewith.

According to the testimony of the witness Van Pelt, appellant—the bouncer—came out of the dance hall and said:

" 'All right, boys, we can't have this. I want you all to go.' He said it in a pretty nice way, 'You have got to go, and have got to leave.' And he said, 'I ain't leaving; I bought me a ticket and I am going back in and dance.' Lumpkin (deceased) said that. He had it pinned on him, and he told him he was going back in and dance. Then he started hitting him. He started hitting him, I guess, ten or fifteen times back of the head. He went down like this and he kept hitting him."

The hitting referred to was with a slapjack, inflicting injuries to the head, as a result of which deceased died about three hours later of cerebral hemorrhage.

According to the State's witnesses, the attack by appellant was entirely unprovoked and unjustified.

According to the theory of the appellant, as shown by his testimony and that of others, the deceased attacked appellant when he came out of the dance hall in answer to the call of his father and cut at him with a knife having a blade of three or three and a half inches in length. Appellant denied any intent to kill, saying that he struck deceased only twice with the slap-jack while backing away from deceased and in defense against the attack of deceased with the knife.

The trial court gave a comprehensive charge to the jury upon the law of self-defense, the effect of which was to instruct the jury that if deceased was making or about to make an attack on the appellant, which, viewed from his standpoint at the time, caused the appellant to have a reasonable expectation or fear of death or serious bodily injury and, as a result thereof, appellant struck and killed the deceased, he would not be guilty and should be acquitted.

The trial court, however, made no application of the law touching the presumption arising from the use by deceased of a deadly weapon, as contained in Art. 1223, P. C., which reads as follows:

"Presumption from weapon of deceased

"When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

Appellant timely excepted to the charge for failing to give in the charge to the jury the provisions of said article, and requested the giving of the following charge, which was refused, viz.:

"You are further instructed that if the deceased, Arthur Morris Lumpkin, Jr., was armed with a knife and was advancing upon the defendant, J. W. Hurst, Jr., and you believe the knife was an instrument calculated or likely to produce death or serious bodily injury, in the manner in which it was being used, then the law presumes the deceased, Arthur *Moris* Lumpkins, Jr., designed to inflict an injury upon defendant, J. W. Hurst,

Jr., causing death or serious bodily injury to the said J. W. Hurst Jr."

Said article has long been a part of the statute law of this State. When the facts call for its application it should be given in the charge to the jury. So the question before us is whether there be testimony in this case calling for an application of the article mentioned. The amount of such testimony, together with its probative value or source, is not determinative. The sole question is whether there be testimony from any source making applicable the statute mentioned.

Here, appellant testified that deceased was advancing upon and cutting at him with a knife having a blade of three to three and a half inches in length and that he struck deceased with a slapjack with no intent to kill him but only in self-defense. In this defensive theory, appellant was corroborated by other witnesses—in fact, one witness described the knife as having a four-inch blade.

In the case of Carter v. State, 97 Tex. Cr. R. 508, 262 S. W. 79, we have an exact parallel. There, the defensive testimony showed that the accused struck and killed the deceased in defense against an attack with a knife having a blade three or four inches in length. We held in that case that the provisions of Art. 1106, P. C., as it then existed and which is our present Art. 1223, P. C., should have been given in the charge to the jury. The holding in that case is supported by numerous authorities, both prior and subsequent thereto, which will be found collated in Branch's P. C., p. 1068, and under Art. 1223, Vernon's Penal Code. Pinkston v. State, 125 Tex. Cr. R. 472, 69 S. W. (2d) 60; McCoy v. State, 135 Tex. Cr. R. 73, 117 S. W. (2d) 787; Beckham v. State, 135 Tex. Cr. R. 338, 120 S. W. (2d) 97.

For the error mentioned, the judgment is reversed and the cause is remanded.

Upon another trial, the conclusion is expressed that appellant's right to defend against an attack less than deadly, as provided by Art. 1224, P. C., should also be given in the charge to the jury.

The other questions presented for review have been examined and are overruled without discussion.

Opinion approved by the Court.