## FULTON SIMS V. STATE.

No. 25501. November 28, 1951.
State's Motion for Rehearing Denied January 23, 1952.

Hon. Owen M. Lord, Judge Presiding.

*W. J. Baldwin, D. F. Sanders,* and *J. A. Veillon,* Beaumont, for appellant.

*Ramie H. Griffin,* Criminal District Attorney, by *Joe B. Goodwin,* Assistant Criminal District Attorney, Beaumont, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for the murder of Olin H. Hemmenway and the jury assessed his punishment at five years in the penitentiary.

Appellant and Hemmenway were employees of an ice plant in Beaumont where the killing occurred.

According to the state's evidence, the deceased had been fired or laid off by appellant on the day of the homicide, and had gone to the plant to get his belongings; he was shot and killed without justification by appellant, who had been drinking.

Appellant testified that the deceased attacked him with a 2-pound hammer; that he fired in self-defense while the assault was in progress and after the deceased had grazed his eyebrow and as he was again striking at him with the hammer. He testi-

fied also that he believed at the time he fired the shot that the deceased was about to execute a previous threat to kill him.

It was agreed by the state and appellant that the 2-pound hammer, identified by appellant as having been used by the deceased, was a deadly weapon, and that if a person were struck in a vital part of the head it would inflict serious bodily injury and produce death.

The trial court, in his charge, instructed the jury on the law of self-defense and communicated threats, but failed to charge on the presumption arising from the use of a deadly weapon by the deceased.

The testimony called for the application of Art. 1223, P.C., and it should have been charged upon. See Hurst v. State, 151 Tex. Cr. R. 615; 210 S.W.(2) 594; Whatley v. State, 141 Tex. Cr. R. 436, 149 S.W.(2) 98; Gay v. State, 134 Tex. Cr. R. 356, 115 S.W.(2) 929.

The omission was timely called to the court's attention in the objection to the charge and appellant excepted to the overruling of such objection.

Because of the error in the charge, the judgment is reversed and the cause remanded.

Opinion approved by the court.

ON STATE'S MOTION FOR REHEARING

GRAVES, Presiding Judge.

In the state's motion for rehearing, it is contended that each separate and distinct objection to the court's charge should have been embodied in a separate bill of exception instead of including the objections and exceptions to the different portions of the charge in a single bill of exception.

The statute, Art. 658, C.C.P., merely provides that in each felony case "the Judge shall, before the argument begins, deliver to the Jury, except in pleas of guilty where a Jury has been waived, a written charge, distinctly setting forth the law applicable to the case. * * * Before said charge is read to the Jury, the defendant or his Counsel shall have a reasonable

time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection."

Article 660, C.C.P., provides in substance that after the judge shall have received the objections to his main charge, together with any special charges offered, he may make such changes as he may deem proper, and the defendant or his counsel shall have the opportunity to present their objections thereto and in the same manner as is provided in Article 658, supra.

It has always been the custom in this court, and still is, to allow a bill of exception usually denominated as objections and exceptions to the court's charge all to be included in one instrument, and we have never demanded that each separate objection to such charge shall be incorporated in a separate bill of exception.

It is insisted by the state that the incorporation of different objections in the same bill of exception constitutes the same to be multifarious, and we are cited to the case of Porter v. State, 80 Tex. Cr. R. 240, 190 S.W. 159, as authority for such proposition.

We have examined the citation offered us but do not think the same to be in point herein. In that instance, the court, after receiving certain objections to his charge, attempted to change the same in a manner not satisfactory to the attorney for the accused. This court held in that case that if the corrected charge was subject to certain objections afterwards offered by the attorney for the accused, he should have filed a second bill of exception to the corrected charge, and to that extent only is the holding in the Porter case, supra.

We here refer to the case of Clark v. State, 86 Tex.Cr.R. 585, 218 S.W. 366, from which we quote:

"The Assistant Attorney General concedes that, if the question was properly raised, the error is fatal to the conviction. We find in the record the various exceptions of the appellant to the court's charge, certified as a bill of exceptions, showing the presentation and action upon them in due time. These exceptions are in separate paragraphs; each paragraph being in itself specific, and fully complying with the statute. We think the fact that they are all contained in one paper, the subdivisions being segregated and numbered, each sufficient in itself to ad-

vise the trial court and this court of the complaint directed at the charge and the refusal of the special charge, does not vitiate the exception, nor warrant this court in ignoring it. See Bank v. Ricketts, 177 S.W. 531."

Where the case of Furr v. State, 194 S.W. 395, seems to hold to the contrary, the same is overruled to that extent.

Ever since the passage of Article 660 in 1913, it has been the universal custom, so far as the records show in this court, to embody all the objections to the court's charges in what is called "objections and exceptions thereto," and though the objections may be many, nevertheless, they relate to but one general proposition, and that is, the court's charge, and there can be offered therein any objection that seems pertinent thereto by the attorney for the accused.

This being the only question offered by the state in this matter, the motion for rehearing will be overruled.