JOSE AVILA RODRIQUEZ V. STATE.

No. 26,470. June 17, 1953.

E. A. Blair, Lubbock, for appellant.

Wesley Dice, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted of assault with intent to murder with malice upon Rudolph Vargas, and his punishment was assessed at three years in the penitentiary.

In view of the disposition we make of this case, it is not necessary to here set out the facts.

The evidence raised the issue of an attack upon appellant with an iron pipe. In the event the jury found that an attack was made upon appellant with an iron pipe, then the evidence raised the further issue of whether the character of the iron pipe and the manner of its use was reasonably calculated to produce death or serious bodily injury. If it was so found, then under Art. 1223, P.C., it would be presumed that the person using it designed to inflict injury.

Appellant timely directed his exception to the charge of the court, thereby pointing out the court's failure to apply the law under Art. 1223, P.C., to the facts, and therein advise the jury that if they found that appellant was attacked with a pipe which,

from the manner of its use, was an instrument calculated to produce death or serious bodily injury, then the law presumed that the person using it intended to injure or kill appellant. Such failure to so instruct the jury was error. Mason v. State, 88 Tex. Cr. R. 642, 228 S.W. 952; Hoobler v. State, 114 Tex. Cr. R. 94, 24 S.W. 2d 413; Hawkins v. State, 32 S.W. 2d 202; Pinkston v. State, 125 Tex. Cr. R. 472, 69 S.W. 2d 60; Green v. State, 131 Tex. Cr. R. 218, 97 S.W. 2d 233; McFarland v. State, 132 Tex. Cr. R. 309; 104 S.W. 2d 879; Maxey v. State, 138 Tex. Cr. R. 27, 133 S.W. 2d 785; Branch's Ann., P.C., p. 1068.

For the error pointed out above, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.