**Alton Eugene SISTRUNK, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45190.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Jordan, Ramsey & Bradley by Scott Bradley, Dallas, for appellant.

Henry Wade, Dist. Atty., and Catharine T. Hill, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder without malice. Punishment was assessed by the jury at five years.

Appellant contends that reversible error was committed by the failure of the trial court to charge the jury on the presumption created by Article 1223, Vernon's Ann.P.C. Such Article states:

> "When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

Appellant presented to the trial court a requested charge which would have been in compliance with such presumption and objected to the court's charge, specifically pointing out the omission of the same, all in compliance with Articles 36.14 and 36.15, Vernon's Ann.C.C.P.

The purpose of Article 1223, supra, is to require that the jury be told by the trial court that if a deceased or injured party was making an attack upon a defendant with a deadly weapon or with a weapon which from the manner of its use was calculated to produce death or serious bodily injury, the law presumes that the deceased, or injured party, intended either to kill or to inflict serious bodily injury on the accused.

In order for this statutory presumption to arise, the following must be shown: (1) that the deceased had a weapon; (2) that such weapon, in the manner of its use, was calculated to cause death or serious bodily injury; and (3) that deceased was using the weapon against the accused (or third party) at the time the accused killed the attacker. De Vault v. State, 159 Tex.Cr.R. 360, 264 S.W.2d 126.

This court, in Gay v. State, 134 Tex.Cr.R. 356, 115 S.W.2d 929, at page 932, stated that:

> "It is the settled law that this article (Article 1223, V.A.P.C.) should be charged when deceased—or the injured party—is using a weapon which is deadly per se; or, if the evidence raises an issue as to whether the instrument used was one calculated to produce death or other injuries included in said article, then the jury should be instructed as to what the presumption would be in event they should find the instrument used was of the character mentioned." (Cited authorities omitted.)

In the case at bar, the record reflects that the deceased died of gunshot wounds inflicted by appellant during an altercation at a lounge in Dallas on May 1, 1969.

The evidence shows that at approximately 11:00 P.M., shortly before the time of the shooting, the deceased was seated at a booth in the lounge, talking with Martha Beazley. Herbert Beazley, Martha's husband, was "shooting pool" with Al Sistrunk, Jr., appellant's son. Appellant and his wife were seated alone at a table approximately ten feet away from the pool table. Words were exchanged between the deceased and Al Jr., but the evidence conflicts as to who initiated the conversation and the mood of the exchange. It is undisputed, however, that deceased and Al Jr. began struggling, both fighting with the butts of their pool cues. It is also certain from all of the evidence that while the two were fighting, appellant fired three shots at deceased with a .25 caliber automatic pistol, hitting him in the chest. Deceased died from the gunshot wounds within a few minutes.

Through the testimony of appellant, appellant's wife, and an autopsy report, the

following evidence was adduced: (1) the deceased was over six feet tall, weighed 220 pounds and was well built; (2) appellant's son, Al Jr., was slightly built, five feet eight inches tall, weighed between 140 and 150 pounds, and was in a weakened condition on the date of the encounter owing to several recent illnesses, including hepatitis, infectious mononucleosis, and a nervous breakdown; (3) deceased backed Al Jr. around the pool table, and then, holding the cue by the tip with both hands, hit Al Jr. on the forearm, knocking him to his knees; (4) while Al Jr. was on his knees, deceased drew the pool cue back to hit him again; and (5) appellant fired his pistol while deceased was swinging the cue at his son.

Through the testimony of Dr. Lauderdale, the physician that examined Al Jr. the day following the altercation, the following is shown: (1) an examination of Al Jr. revealed a "blue bruised, discolored left forearm and elbow"; (2) the injury was located from the middle of the forearm up to and including the elbow joint; (3) the forearm increased 25% in size over the right forearm; (4) the injury was "painful and discolored and swollen, and he (Al Jr.) was in such distress at the time that we gave him some codeine to relieve the pain and ordered X-ray examination"; and (5) through hypotheticals, a pool cue swung by a 220 pound man is capable of inflicting serious injury, or even death.

This court has consistently held that when the weapon, by its use, is capable of inflicting death or serious bodily injury, such requires the giving of the charge upon the presumption arising under Article 1223, supra. See, e. g., the following cases where reversal resulted because of the failure to charge when the indicated weapons were used: Valadez v. State, Tex.Cr.App., 385 S.W.2d 239 (kitchen knife); Borroum v. State, 168 Tex.Cr.R. 552, 331 S.W.2d 314 (hammer);[1] Rodriquez v. State, 158 Tex.Cr.R. 626, 259 S.W.2d 189 (iron pipe); Sims v. State, 156 Tex.Cr.R. 608, 245 S.W.2d 260 (hammer); Hurst v. State, 151 Tex.Cr.R. 615, 210 S.W.2d 594 (knife); Beckham v. State, 135 Tex.Cr.R. 338, 120 S.W.2d 97 (pocket knife); McCoy v. State, 135 Tex.Cr.R. 73, 117 S.W.2d 787 (knife); Gay v. State, 134 Tex.Cr.R. 356, 115 S.W.2d 929 (stick, 2 or 3 feet long); McFarland v. State, 132 Tex.Cr.R. 309, 104 S.W.2d 879 (ax); Williams v. State, 125 Tex.Cr.R. 104, 67 S.W.2d 269 (iron pipe); Strickel v. State, 117 Tex.Cr.R. 433, 33 S.W.2d 451 (knife); Hawkins v. State, Tex.Cr.App., 32 S.W.2d 202 (eye hoe); Holland v. State, 112 Tex.Cr.R. 164, 15 S.W.2d 626 (knife); Mason v. State, 88 Tex.Cr.R. 642, 228 S.W. 952 (hammer).

■ We conclude that the evidence raised the issue of an attack of the nature described in the statute. The trial court should have responded to appellant's request and exception and given a charge in compliance with Article 1223, V.A.P.C.

In view of our disposition of the case on this ground, other grounds of error will not be discussed.

The judgment is reversed and cause remanded.

---

[1] Borroum was overruled on other grounds in Wilkerson v. State, 170 Tex.Cr.R. 525, 342 S.W.2d 431.