BURNIS GRAF AND RICHARD GRAF v THE STATE.

No. 23191. Delivered October 31, 1945.
Rehearing Denied November 28, 1945.

The opinion states the case.

*J. E. Vickers*, of Lubbock, and *Carl Ratliff*, of Levelland, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellants were jointly charged by information and jointly tried for the offense of aggravated assault upon Mrs. Lillie Short, a female, the appellants being adult male persons. The punishment of Burnis Graf was fixed at four months' confinement in jail, while that of Richard Graf was fixed at eight months in jail.

The sufficiency of the evidence to support the conviction is under attack, and especially it is insisted that if there was any assault shown to have been made by either of the appellants, it was in their own-self defense.

H. B. Short, his wife, Lillie Short, his married daughter, Cleone Clark, and his eleven-year old son, Billy, attended church services in Levelland and started home in their car, with a friend, Miss Underwood, accompanying them. Before leaving Levelland they saw the appellants in a car. When they were about three miles from town they were overtaken by the appellants in their car—Richard Graf driving. The prosecutrix testified as follows:

"* * * the Graf boys drove along side of us, after honking their horn, and Burnis waved for us to stop. In the meantime, they crowded our car off the highway into a bar ditch, and when we stopped, the Graf car stopped about two car lengths in front of us. * * Richard got out on the left side, and Burnis got out on the right. Burnis had a car tool in his hand, and he and Richard started back toward our car. My husband pulled his coat off and picked up a hammer which was lying on the floor in front of the seat where he was driving. My guess is this hammer weighed four or five pounds. Richard came up and said to him—'Pull off your glasses, this thing has gone far enough'—or words to that effect. My husband went out to meet Richard with the hammer; Richard Graf backed up, and my husband followed him from five to eight feet. Richard then ran in under him, grabbed him, and tripped him up. He threw my husband down on the ground, and Richard got on top of him.

Richard first tried to stomp him, then struck him three or four blows in the face with one hand, and pulled his hair. I went to my husband's assistance, and grabbed Richard by the shirt, trying to pull him off. He called to his brother and said, 'Cook, God damn it, pull her off of me before I have to knock hell out of her.' 'Cook' was Burnis' nickname. Burnis struck me in the breast and knocked me down four or five times, getting me off of Richard, but each time I came right back until finally Richard got the hammer out of my husband's hands, and the fight stopped, and no more licks were passed. I never did strike Richard or pull his hair or scratch him, and Richard didn't strike me or lay his hands on me. This ended the fight, except my husband got his knife out after the fight stopped, but no other blows were passed. The Graf boys got in their car and left. My husband is 49 years of age. I am a grandmother."

Other witnesses for the State corroborated the prosecutrix. Upon the facts stated, the convictions were predicated.

The appellants, testifying as witnesses in their own behalf, denied that they forced the Short car off the highway and into the bar ditch, stating that the Short car was stopped in order that Burnis Graf might "talk to Mr. Short." They asserted that all their acts and conduct in the matter, especially in so far as the prosecutrix was concerned, were in self-defense.

As the jury rejected the defensive theory, the sufficiency of the evidence to support the conviction must be tested in the light of the facts most favorable to the State.

Note is taken of the fact that no written charge was given to the jury. We have no way, then, of knowing the issues submitted, upon which the jury reached the conclusion of guilt. Under such circumstances, if the facts authorize the conclusion of guilt under any phase of the law, the judgment must be affirmed.

We agree with the State that, under the facts stated, the jury was authorized to conclude that appellants entered into an agreement to jointly attack Mr. Short and, in furtherance of and to effectuate that purpose while so acting together, began the difficulty by making the first overt act or attack; that such overt act and the beginning of the difficulty consisted in forcing the Short car off the highway, calling on Mr. Short to stop, and both Richard Graf and Burnis Graf getting out of their car and advancing upon Mr. Short, Richard Graf—armed with a

tire tool—at the time saying to him, "Pull off your glasses, this thing has gone far enough," followed by Richard Graf's grabbing Mr. Short, throwing or tripping him to the ground and striking him in the face and "churning" his head against the pavement.

The State insists that under such circumstances—and it can hardly be disputed—the prosecutrix, the wife of Mr. Short, was warranted in going to the relief and defense of her husband.

Reduced to the final analysis, then, the questions before us are:

(a) Was Burnis Graf—under the facts stated—justified, at the request of his brother to "pull her (Mrs. Short) off of" him, in striking prosecutrix in the breast and knocking her down four or five times in order to accomplish that purpose?

(b) If Burnis Graf was not so justified, was he guilty of an assault upon the prosecutrix? and

(c) If Burnis Graf was guilty of assaulting the prosecutrix, was Richard Graf also guilty of such assault?

It has long been the established rule of law in this State that if one, by his own wilful and wrongful act, brings about the necessity of taking the life of another to prevent being killed himself, he cannot say that such killing was in his own necessary self-defense, for the law imputes to him his own wrong and its consequences. Authorities attesting the rule will be found collated under Note 6, Art. 1224, Vernon's Penal Code; Branch's Penal Code, sec. 1952; 22 Tex. Jur., p. 890, sec. 49; Mason v. State, 88 Tex. Cr. R. 642, 228 S. W. 952.

In such cases the right of the accused to defend against the attack of the deceased is either entirely destroyed or limited to imperfect self-defense. In no event would he be entirely justified or accorded the perfect right of self-defense.

The rule stated has application in assault cases—as to which, the rule is that if one intentionally provokes a difficulty by doing some act towards another, he forfeits his right of perfect self-defense and is guilty of an assault if a conflict arises. 4 Tex. Jur. 890; Edgerton v. State, 68 S. W. 678.

Applying these rules to the instant facts, it appears that the jury was warranted in concluding that the appellants—by forc-

ing the Short car off the highway, calling on the parties to stop their car, and advancing on Mr. Short with the tire tool—not only began the difficulty but were also guilty of acts which were calculated to provoke Short to attack them. Such being true, then, the appellants had forfeited their complete or perfect right of self-defense against the attack of Mr. Short and were guilty of an assault upon him. Since Mrs. Short, the prosecutrix, had the right to go to the defense of her husband, the rights of the appellant to defend against her acts in aid of her husband were no greater than their rights to defend against the attack of Mr. Short. The right to defend against the attack of the prosecutrix was upon the same limited footing as that of Mr. Short.

So then, the jury would have the right to conclude that the acts on the part of Burnis Graf against the prosecutrix constituted an assault, and the prosecutrix being a female and Burnis Graf being an adult male constituted that assault an aggravated assault.

The facts warranting a finding by the jury that Richard Graf was a principal offender with Burnis Graf in that assault rendered him equally guilty with Burnis Graf of the offense of aggravated assault.

It follows from what has been said that the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellants have filed an able and well-considered motion for rehearing in which they seriously contend that we erred in the original disposition of this case in holding that the jury was authorized to conclude that the appellants, by their acts, conduct and declarations, not only provoked the difficulty but had actually made an assault upon H. D. Short and thereby forfeited their right of self-defense. They seem to take the position that we failed to take note of the distinction between provoking a situation where one has to defend himself (which does not deprive him of his right of self-defense) and provoking a difficulty with the express intention of killing or injuring the opposite party under such circumstances as make it appear that he

was acting in self-defense. We were not, and are not now, unmindful of the legal principles announced by them in their motion. However, the application thereof depends entirely upon the facts of each particular case. The testimony adduced upon the trial is set forth in the original opinion and is sufficient upon which the jury could reasonably base the conclusion that both of the appellants were acting together with a common intent and previously formed design to injure H. D. Short and that Richard Graf actually tripped or threw Mr. Short to the ground, then struck him in the face and churned his head against the pavement. Since the facts are sufficient to sustain the jury's conclusion that the appellants not only provoked the difficulty but actually commenced the assault with the intent to injure H. D. Short, they forfeited their perfect right of self-defense under the circumstances stated.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.